MURRAY *against* BOGERT AND KNEELAND, *survivors of* MANS-FIELD, *deceased.*

Where a party has paid a judgment recovered against him, for an entire demand, to which a person not party to the suit was jointly liable with himself, he cannot maintain an action against that person for contribution.

One partner cannot, without the consent of the other partners, introduce a third person as partner into the concern.

No action at law lies by one partner against another, where there has been no settlement of accounts, and promise by the defendant to pay the balance.

THIS was an action of *assumpsit.* The declaration contained the usual money counts, and a count on an *insimul computassent.* The cause came on for trial before Mr. Justice *Platt,* at the *New-York* sittings, in *June,* 1816.

The counsel for the plaintiff, on opening the cause, stated, that this action was brought to recover money paid by the plaintiff for the use of the defendants, under the following circumstances : The plaintiff, in connection with *Kane, Mumford,* and the defendant, *Mansfield,* in *May,* 1804, agreed upon an adventure to the island of *St. Domingo,* for which purpose one or more vessels were to be purchased and loaded, each party paying one fourth of the expense, and the return cargoes, or their proceeds, to be divided in the like proportion. Two vessels were accordingly purchased and loaded, and one *Forbes* was appointed supercargo, to proceed with the vessels, and dispose of their cargoes : and the vessels sailed about the 28th of *May,* 1804. On the

18th of *June*, *Mansfield* sold one half of his interest in the concern to the defendants, *Bogert* and *Kneeland*, and the vessels having arrived in *New-York* with their return cargoes in the month of *November*, 1804, after the supercargo's commissions had been taken out, and delivered him in kind, the residue of the cargo, as far as was practicable, was divided between the several partners; *Mansfield*, and *Bogert* and *Kneeland*, receiving one fourth. The part of the cargoes which was not divided, and one of the vessels, were sold, and the proceeds distributed in the like manner. The other vessel was sent back to *St. Domingo*, to bring the remainder of the proceeds of the outward cargoes, and, on her return, was, with her cargo, sold, and a like division was made. The parties to the adventure having become indebted to *Forbes*, for advances made, and expenses incurred by him on their account, on his presenting his accounts to the plaintiff, *Kane*, *Mumford*, and *Mansfield*, objections being made to them, he instituted a suit against the plaintiff, *Kane*, *Mumford*, and *Mansfield*, which was referred, on the application of the plaintiff in that suit, and a balance reported in his favour, and judgment entered up for the same. *Mansfield* had become insolvent, and the plaintiff, *Kane*, and *Mumford*, were compelled, by threats of an execution, to pay the amount of the judgment, which was done by each advancing, out of his own funds, one third of the whole sum, *Mansfield* being unable, and *Bogert* and *Kneeland* refusing, to pay; and this action was brought to recover the proportion due from *Mansfield*, *Bogert* and *Kneeland*, which had been paid by the plaintiff. The plaintiff's counsel, after making this statement, offered to produce evidence in support of it; but the defendant's counsel insisted, that upon the plaintiff's opening, it appeared to be a demand growing out of a partnership transaction, and if recoverable, could not be enforced at law, and on that ground moved for a nonsuit. The judge was of that opinion, and a nonsuit was directed.

The plaintiff now moved to set aside the nonsuit.

*S. Jones*, jun. and *D. B. Ogden*, for the plaintiff. This was not a partnership, but a joint adventure, in which each party was to pay a *fourth* of the expense, and the return cargoes were to be divided between them in the same proportion. To constitute a partnership, there must be a community of interest as to profit and loss. Here the return cargoes were to be divided

between the parties concerned, in kind, and each might sell his share as he pleased. The parties did, in fact, divide the return cargo, in kind, on the wharf where it was landed. There may be a joint ownership in goods and chattels, as well as in ships, without there being a partnership. There were expenses incurred in the joint adventure, to which each person was bound to contribute according to his interest, that is, in fourths. *Forbes*, the agent of the parties, might have brought his action against the assignees of *Mansfield;* and if they could not resist his claim, neither can *B.* and *K.* There being, in this case, a common liability of all the parties jointly interested, according to their respective interests, it is a proper case for contribution.

* 8 *Term Rep.* 186.

In *Merryweather* v. *Nixan,** an action was brought to recover the moiety of damages recovered against two defendants, for a *tort*, the plaintiff having paid the whole. Though it was held by Lord *Kenyon*, that an action for contribution would not lie where the former recovery was for a *tort*, yet it was admitted, that it would lie in case the judgment had been on an action of

† 5 *East,* 225.

*assumpsit.* In *Osborne and another* v. *Harper*,† where one of three partners, after a dissolution of the partnership, drew a bill in the partnership firm, in favour of a person who did not know of the dissolution, and who brought an action against all the partners, and the other two partners paid the amount of the judgment, it was held that they might maintain an action against the other partner, for the amount so paid by them, in consequence

‡ *Watson on Partnership,* 405.

of his improper act.‡ So, where three persons were assignees of a bankrupt, and two of them paid the solicitor's bill, it was held that each might bring his action against the other assignee

§ *Brand and another v. Boulcott,* 3 *Bos.* & *Pull.* 235.
‖ 9 *Johns. Rep.* 307.

for his proportion of the money so paid.§ In the case of *Wetmore and Chesebrough* v. *Baker and another,*‖ where the parties were jointly concerned in running stage-coaches, the court held that the defendants were liable in an action of *assumpsit,* for a balance of their accounts, which had been adjusted by their agent; and that it was not a case of partnership (*a*)

But supposing this to be a partnership, there can be no occasion to go into a court of chancery. There is no need of a discovery, nor is there any intricacy of accounts. It is a single, clear, and uncontested debt.

(*a*) Vide, *Barton* v. *Hanson and others,* 2 *Taunt. Rep.* 48.

*Wells,* contra. If the defendants were not partners, there can be no ground for this suit; it depends on the privity of the parties, and of their being jointly and severally responsible for the debt. *B. & K.* were not parties to the judgment; and could not by law have been compelled to pay any part of the debt recovered. How can an action be maintained for a contribution to a judgment, to which the defendants, *B. & K.* were not parties ? It can only lie on the ground that they were partners with the others in the original transaction. Can one partner, by making another person interested in his share, thereby constitute him a partner with the others ? *B. & K.* purchased of *Mansfield* the one half of his interest in the vessel and cargo : owners of vessels are not partners. This was a *sub-contract,* and does not involve *B. & K.* in the consequences of partnership.* They became so far interested in the cargo, which, on its arrival, was divided among the owners, according to their respective interests. If *Mansfield* had sold to them his whole interest, it would not have made them partners with *Murray, Kane, & Mumford.* An action for contribution proceeds on the principle of a joint and equal liability for the debt to which the defendant is called on to contribute. Now, *B. & K.* were not parties to this debt or judgment ; nor could they, in any way, have been coerced to pay it. On no ground, then, either of partnership or joint liability, are they responsible.

Admitting, however, that a partnership did exist in the original transaction, the plaintiff cannot maintain an action at law against his co-partners. One partner cannot sue his co-partner at law, except for a balance of account stated between them, and an express promise to pay it.† Here was no settlement of accounts between the parties. It was a mere adjustment of the claims of the supercargo on the concern. In *Wetmore* v. *Baker & Swan,*‡ the parties came together and appointed a person to adjust their accounts, who struck the balance, and there was an implied assumpsit to pay the balance so ascertained.

If there was any joint concern of *B. & K.,* it was with *Mansfield,* and is to be settled between them.

THOMPSON, Ch. J., delivered the opinion of the court. The motion to set aside the nonsuit must be denied. There is no principle that can be assumed, under the facts in the case, which will sustain the action. It cannot be supported on the princi-

ple of contribution. The defendants were not parties to the judgment which *Forbes* recovered against the plaintiff and others; nor could they have been made parties. The contract upon which *Forbes* recovered that judgment was made by him, with *Murray, Kane, Mumford, & Mansfield.* But whether the defendants could have been connected with them in that suit or not is immaterial as it respects the question of contribution. They were not made parties, nor did the defendants in that suit plead in abatement, that they ought to have been made parties. That judgment, therefore, shows no privity, or joint responsibility between the defendants in that judgment and the defendants in this suit; nor do the facts in this case make out a partnership. Admitting that the transaction as between *Murray, Kane, Mumford & Mansfield,* was a partnership concern, *Mansfield* could not, by selling out a portion of interest to *Bogert & Kneeland,* make them partners against the will and consent of the other parties. This would be a very dangerous principle to admit into the doctrine of partnership.

Admitting, however, that the defendants were, by the purchase made from *Mansfield,* constituted partners in the transaction, another insuperable difficulty arises against maintaining the action at law; it is a principle too well settled to be shaken, that partners cannot sue each other at common law. There is nothing in the case showing a settlement of the partnership accounts, and balance struck, and a promise by the defendants to pay, so as to maintain the action on that ground. In whatever point of view, therefore, the case is considered, the plaintiff was properly nonsuited, and the present motion must be denied.

Motion denied(*a*.)

(*a*) Vid. *Cowel* v. *Edwards,* (2 *Bos.* & *Pull.* 268.) *Deering* v. *Winchelsea* and others, (2 *Bos.* & *Pull.* 270.) *Wright* v. *Hunter,* (1 *East,* 20.) *Peck* v. *Ellis,* 2 *Johns. Ch. Cas.* (*sub prelo.*)