## Burley & Harris *vs.* Harris.

A suit in the name of a firm against a partner of the firm cannot be sustained, as the parties would be both plaintiffs and defendants in the same case.

Where one partner in a firm assigned to another partner all the partnership demands and property, including a claim of said firm against such outgoing partner, *held* that such assignment would not enable the holder to sue such claim against the outgoing partner in the name of the firm.

An assignment of partnership property to one partner will be sustained; and where notice is given of such assignment to the debtors of the firm, any collusion of the debtors with an outgoing partner, in obtaining a discharge of their debts, will be a fraud on the assignee.

Where the assignment by one partner to another includes a claim of the firm against himself, such assignment is good; but the claim can only be enforced by bill in equity.

This was assumpsit on an account annexed to the writ.

The cause was tried on the general issue, and a brief statement was filed, alleging the causes of defence disclosed in this case.

It was admitted that Harris, the defendant, was a partner in the firm of Burley & Harris, in whose name the suit was brought.

The defendant had received goods belonging to the firm to the amount of $495 84, for which he was liable to account to the firm; but it was not admitted or proved that the defendant, on a full adjustment of the partnership affairs, would be found indebted to the firm. The parties offered in evidence the original articles of partnership betwixt them, and an assignment of the partnership demands to Burley, with an agreement that Burley was to account for these demands in payment of certain company debts, and in payment of Harris's portion of the partnership profits, if there should be any. The partnership business remains unsettled at this time.

On the disclosure of these facts the court directed a nonsuit, subject to the opinion of the court ; and it was agreed by the parties that if this ruling of the court should not be sustained, the nonsuit was to be set aside, and judgment rendered for the plaintiffs for the amount of the account annexed.

*Quincy*, for the plaintiffs.

*Rogers*, and *Wilcox*, for the defendant, contended,

I. That a party could not be interested in both sides of a suit.

Where one of the plaintiffs is also a member of the firm against which the action is brought upon a contract entered into by the firm, the action shall fail, although the other partners only are sued.     1 *Ch. Pl.* 46 ; 2 *Bos. & Pul.* 124 ; 6 *Taun.* 597 ; 9 *Barn. & Cres.* 356 ; 6 *Bing.* 197 ; 1 *Barn. & Cres.* 74 ; 8 *ditto* 345 ; 6 *J. B. More* 332 ; 7 *Barn. & Cres.* 419 ; 2 *Bos. & Pul.* 120 ; 6 *Pick.* 321 ; 12 *Pick.* 39 ; *Story's Eq.* 630.

A statement of well established elementary rules of law will show the utter impossibility of maintaining a suit like the present, and that it is a legal solecism for a man to sue himself.

In personal actions, a release by one of several plaintiffs is good as to all.     13 *Johns.* 286 ; 14 *Johns.* 172, and 330 ; 15 *Johns.* 479.     One of several partners or executors may receive the debt and discharge the debtor.     12 *Pick.* 376 ; 3 *Johns.* 68 ; 14 *Johns.* 387 ; *Toller's Ex.* 360.

A nonsuit of one is a nonsuit of all.     *Bacon's Ab., Title, Nonsuit ;* 10 *Mass.* 179 ; 5 *Mass.* 411.

These principles are fully recognized and confirmed in *Kimball & al.* vs. *Wilson*, 3 *N. H.* 96.

II. Harris's assignment to Burley of all debts and demands, will not enable the plaintiffs to maintain this suit.

1. Because the assignment does not create a new debt or

demand, but only transfers those already existing ; nor does it alter the nature of the demands, or the remedies upon them, but transfers them as they are.

2. The assignment is a contract between Harris and Burley individually, and the partnership can acquire no new rights under it ; and the partnership, at the time of the assignment, was not then existing, but dissolved.

3. The objection is not to the plaintiffs' evidence in any claim which may be properly prosecuted. It is to the case now upon the record, where the same person is both plaintiff and defendant ; and a suit instituted in this manner cannot be sustained.

UPHAM, J. The authorities are very clear, that an individual cannot stand in the relation of plaintiff and defendant in the same suit. A judgment in such case would avail nothing, as the defendant would have the same right to discharge an execution founded on it as the plaintiff.

The question has arisen in numerous instances where an individual has been a member of different firms, in which one firm held claims against the other, and attempted to enforce them at law. Judge Story, in his treatise on Equity, says that no suit can be maintained at law in regard to any actions or debts between two firms, where individuals of the firms are partners in each. In such a case, all the partners must join and be joined ; and no person can maintain a suit against himself or against himself with others. The objection is a complete bar to the action. Nay, even after the death of the partner or partners belonging to both firms, no action upon any contract, or mutual dealing, *ex contractu*, is maintainable by the survivors of one firm against those of the other firm ; for in a legal view there never was any subsisting contract between the firms, as a partner cannot contract with himself. 1 *Story's Eq.* 630 ; 6 *Taun.* 597, *Bosanquet* vs. *Wray* ; 2 *Bos. & Pul.* 120, *Mainwaring* vs. *Newman* ; 9 *Barn. & Cres.* 532, *Jones & al.* vs. *Yates & al.*

In 6 *Pick.* 316, *Eastman* vs. *Wright;* and 12 *Pick.* 39, *May* vs. *Parker*, are remarks of the court to the same effect.

In the case of *Holmes* vs. *Higgins*, 1 *Barn. & Cres.* 68. it appeared that a number of persons had associated themselves together, and subscribed sums of money for the purpose of obtaining a bill in parliament to make a railway. It was holden that they were partners, and that a subscriber who acted as a surveyor in their employ could not maintain an action against all or any of the subscribers. Chief Justice Abbot held that the subscribers were partners, and that it was perfectly clear that one partner could not maintain an action against his co-partners for work and labor performed, or money expended, on account of the co-partnership.

But in this case the partnership effects have been assigned to one of the firm, and it is contended that the assignment should be protected and the holder of the partnership property permitted to enforce all claims in the partnership name.

This doctrine is correct. In many instances of dissolution of partnership the remaining partner is, by agreement, exclusively authorized to arrange the joint affairs, and to receive the partnership credits, as the fund out of which to discharge the partnership debts. Where this is the case, and notice, as well of the dissolution as of the private arrangement between the parties, is given, a debtor to the firm cannot, by colluding with the outgoing partner, obtain from him a discharge of the debt. *Gow on Part.* 275; 2 *Camp.* 561, *Henderson* vs. *Wild;* 3 *Barn. & Cress.* 421, *Skaife* vs. *Jackson;* 1 *Wash.* 77, *Scott* vs. *Trents;* 1 *Chit.* 390, *Mountstephen* vs. *Brooke;* 4 *Moore* 192, *Arton & al.* vs. *Booth.*

The claims of the firm against all persons, other than the partners, may well be enforced under such an arrangement. But until a final adjustment is made of the balance due on all partnership accounts, or at least until some balance is struck, and a specific sum is found due to some one partner, no suit can be enforced by one member of a firm against

another. *Gow on Part.* 88 ; 4 *Dal.* 434, *Walker* vs. *Long ;* <span style="float:right">Burley & Harris<br>*vs.*<br>Harris.</span>
14 *Johns.* 318, *Murray* vs. *Bogert & al. ;* 2 *Con. Rep.* 425,
*Beach* vs. *Hotchkiss ;* 12 *Mass.* 34, *Bond* vs. *Hays ;* 15
*Mass., Wilbey* vs. *Phinney ;* 3 *Pick.* 420, *Farming* vs.
*Chadwick ;* 6 *Pick.* 179, *Brinley* vs. *Kupfer ;* 2 *D.* & *E.*
479, *Foster* vs. *Alanson.*

No settlement of the partnership claims has been made
in this case. The assignment to Burley is in fact a mere
power-of-attorney, authorizing him to collect the partnership
demands and apply them in payment of the partnership
debts, while he was to hold the balance to be adjusted by
the partners.

The partner who took upon himself the business of col-
lection, covenanted to account for all the property received ;
to pay the debts, and to pay the defendant his share of the
profits on a final settlement, if the firm should be found to
have realized any profits for division.

The partnership business as betwixt the partners was left
entirely unsettled ; and in case of any difficulty in the set-
tlement betwixt them, their claims were to be submitted to
the arbitration of individuals designated in the articles of
dissolution. There is no pretence then for maintaining this
suit, on the ground of any adjusted balance made betwixt
the parties.

It is a mere naked suit brought by a firm against a partner
for an indebtedness to the firm. The suit is, therefore, *felo
de se,* the parties on either side upon the record are the same.

Should any difficulties arise in the final settlement of the
concerns of these partners, there is a plain remedy in equity,
where the objections which occur here would not exist.

*Suit dismissed without costs.*