## PRAY *vs.* BURBANK.

When parties submit a case to the determination of the court, upon a mere statement of the proofs or evidence tending to establish the facts necessary to its rightful decision, the court will go no farther than to decide, whether, upon such proofs, it would be competent for a jury to find such facts, and to return a verdict for one of the parties, or incompetent to return a verdict for the other party.

To balance evidence, weigh probabilities, determine the credibility of witnesses, or draw inferences and conclusions from circumstances proved, and thereby to determine controverted questions of fact, are not among the ordinary duties of the court.

Nor does the assent, or even the request of the parties, in a case agreed, impose upon the court any such duty.

The court will not, upon such a case, requiring further facts to be found by way of inference, render judgment for either party, but will discharge the case, and transfer the action to the court of common pleas for trial.

ASSUMPSIT, on an account annexed to the writ, for one cord of wood.

The plaintiff, who lived in Rochester, proved, that in the summer of 1837, he and the defendant were together near the defendant's dwelling house in Great Falls Village, in Somersworth, and the plaintiff was there unloading from his cart, upon the premises of the defendant, a load of wood, containing about one cord.

While the plaintiff was thus engaged, the defendant employed a man to saw said wood, and put it into his woodshed, which was done on the same day. Wood was worth there four dollars per cord.

The defendant proved, that at the annual town meeting in Somersworth, in March, 1837, thirteen persons were chosen surveyors of wood in that town, and that three of them took the oath of office ; neither of whom have any recollection of having measured the wood in controversy. It does not appear, by the records of the town, that either of the other persons so chosen took the oath of office.

The defendant also proved, that the town of Somersworth is a place where wood is usually exposed for sale by the cord,

Pray *v.* Burbank.

and that the plaintiff frequently hauled cord wood there for sale.

He further proved, that the plaintiff was at Great Falls, with the load of wood in controversy, which he offered for sale to the defendant, and that one Zenas Crowell surveyed it, while it was on the plaintiff's cart, in the street opposite the defendant's store, at the request of the plaintiff and defendant, and that the plaintiff expressed himself to be dissatisfied with the survey, and refused to sell the wood thereby.

Crowell was not a surveyor of wood in Somersworth in 1837, but was in 1836.

He frequently surveyed wood, when offered for sale at Great Falls since 1836, when requested.

No other evidence was offered in regard to the measure of the wood in controversy.

The parties agreed, that judgment should be rendered as the opinion of the court should be on the foregoing agreed statement of facts.

*Tebbets,* for the plaintiff.

*Hale,* for the defendant.

Woods, J. This case is submitted to our determination by agreement of the parties.

To enable us to arrive at a proper result in reference to the legal rights of the parties, two facts would seem necessary first to be determined.

1. Was the wood sold by the cord.

2. Was the wood measured by a measurer of wood, duly appointed and sworn in the town of Somersworth.

Sufficient other facts appear by the agreement, to show the finding of those two facts important, and even indispensably necessary to a proper decision of this cause.

This necessity appears, from a consideration of the provisions of the statute of this state, passed June 15th, 1791,

entitled, "an act to prevent fraud in cord wood exposed to sale," 1 *N. H. Laws* 220, (Ed. of 1830,) upon a sound construction of which the just determination of the rights of the parties to this controversy must finally depend.

The case finds that there were measurers of wood appointed and sworn in the town of Somersworth in 1837, and that Somersworth was a place in which wood was usually exposed for sale by the cord.

But neither the manner of the sale, whether by the cord or otherwise, nor the fact, whether, if sold by the cord, the wood was measured by a measurer of wood in Somersworth, is found by the case.

The facts and circumstances that are agreed, and upon which the judgment of the court is asked, are doubtless relevant and competent to be submitted to a jury, from which they might, upon weighing and balancing the proofs, make the requisite inference of facts, upon which the court would be authorized to pronounce the conclusions of law, determining the rights of the parties.

But the facts agreed, in reference to the mode of the sale, and measuring of the wood, are nothing but proofs, or evidence, tending to results, in the matters of fact material to be proved, and which are to be arrived at upon a proper consideration and balancing thereof.

The question then presents itself, whether this court will make the deductions and inferences of fact, as well as pronounce the conclusion of law arising thereupon, necessary to a proper and just decision of this cause.

Upon that question, we understand the rule of law to be thus : When the parties submit a cause to the determination of the court, upon a mere statement of the proofs, tending to establish the necessary facts, the court go no farther than to decide, whether, upon such proofs, it would be competent for a jury to find such facts, and to return a verdict for one of the parties, or incompetent to return a verdict for the other party.

The province of the court is limited to the determination of the competency or incompetency of the evidence to be submitted to a jury, from which they may, or may not, make the requisite inferences of fact; and to that extent only does the court exercise any discretion, in relation to mere questions of fact.

To balance evidence, weigh probabilities, determine the credibility of witnesses, or draw inferences and conclusions from circumstances proved, and thereby to determine controverted questions of fact, are not among the prerogatives of the court, and fall not within the sphere and circle of its ordinary and legitimate duties; nor is any such duty imposed, even by the assent and request of the parties, in a case agreed.

This case must, therefore, be discharged, and the action transferred to the court of common pleas for trial, and a due ascertainment of the facts in controversy between the parties.