Heywood *v.* Wingate.

## HEYWOOD *vs.* WINGATE & a.

This court has authority to discharge a case, brought here by way of transfer, upon an agreed statement of facts, from the common pleas, for its consideration.

The rule of practice, however, has gone no farther than to authorize such discharge, when it is made to appear that through fraud, accident, mistake, or misapprehension, the case embraces matters which did not exist, or does not contain facts which did exist at the time of the agreement and transfer, and which were material to a proper determination of the rights of the parties; or in a case in which the court may, for some special reason, properly decline deciding the questions submitted.

The court will not discharge a case, for the reason alone that since the transfer the defendant has become a voluntary bankrupt, and has procured a discharge in bankruptcy, and to enable him to file a plea of discharge in the court of common pleas.

Where the questions of law, duly arising upon the case, are transferred to this court, and not the action generally, no pleas can be filed in this court, but all pleas must be filed in the court of common pleas, where the action remains.

A promissory note, signed by several persons, and payable to one of their number, or his order, cannot, in the name of the payee, be enforced at law, as a joint promise against all the signers.

But when such note is indorsed to a third person, it immediately becomes operative as a valid contract, from the date of the transfer, and may be enforced by a joint action against all the makers, in the name of the indorsee.

ASSUMPSIT upon a promissory note, of which the following is a copy: "Wakefield, August 25, 1835. For value received we jointly and severally promise to pay to Luther

D. Sawyer, or order, at the Suffolk Bank, in Boston, two thousand dollars, in three years, with interest annually.

$2000.                Signed,        John Wingate,
                                     Caleb Gilman,
                                     Alvah H. Sawyer,
                                     Isaac B. Chesley,
                                     Joshua G. Hall,
                                     Theodore Gilman,
                                     Richard Russell,
                                     Luther D. Sawyer,
                                     Henry L. Wiggin.

Said note was indorsed in blank by Luther D. Sawyer, who is the same person to whom the note is made payable.

It was agreed by the parties that this case should be transferred to this court, and that such judgment be entered as the facts above by them stated shall warrant.

The defendants objected to a recovery in this case, on the ground that Luther D. Sawyer is both promisor and promisee of the note, and that the note for that reason is invalid.

The defendants, now at this term, move the court to discharge the case, and to grant leave to file new pleas of discharge in bankruptcy obtained since the case was transferred to this court.

*Lyford*, for the plaintiff.

*Hale* and *Hobbs*, for the defendants.

WOODS, J. This case comes here upon an agreed statement of facts, to which also is appended an agreement that such judgment shall be rendered by this court as the facts stated shall warrant.

In this state of the case, the defendants now at this term move the court to discharge the case, and to permit the defendants to file pleas in defence of the action, setting

forth, as the ground of defence, discharges in bankruptcy, obtained since the case was agreed to by the parties. And a further motion is made for leave to file such pleas, even if the case should not be discharged.

It is not suggested that the case, as drawn and agreed to, does not contain every fact existing at the time, and essential in any way to lead the court to a proper decision of the matter in issue in this action, and to maintain the rights of both parties, as they existed at the time the agreement was made. Nor is any fraud, mistake, or misapprehension, made the ground of the motion to set aside the case; nor is any such mistake or misapprehension even suggested. But a new state of facts has arisen since the agreement was entered into and the case drawn up and assigned for the consideration of this court. And that state of facts is the result of the defendants' own acts, in becoming voluntary bankrupts, thereby becoming discharged, as far as they may, from debts existing at the time of the discharge.

The first question is, will the court, under the circumstances, set aside the case and agreement for the cause assigned?

It is well settled that the court may, in a proper case, decline giving any opinion upon a case stated by the parties for their consideration, as whether the matter stated without plea be sufficient to abate a writ. (*Morse* vs. *Calley*, 5 *N. H. Rep.* 222; *Libbey* vs. *Hodgdon*, 9 *Ditto* 394.) And in a case in which the law does not impose upon the court the duty of deciding the questions submitted, they will discharge the case, and send the action to a new trial. *Pray* vs. *Burbank*, 11 *N. H. Rep.* 290.

The authority of the court to set aside an agreed case has been often exercised, and in fact is not questioned. What facts and circumstances will justify the exercise of it, is the material question in this case. The rule of practice in this state, so far as we are advised and recollect, goes no farther than to authorize the discharge of a case agreed to by the parties, when it has been found that, through some fraud,

accident, mistake, or misapprehension, the case embraces matters which did not exist, or does not contain all the facts which did exist at the time, and which are material to effectuate the rights and objects of the parties, and to promote their just interests ; and, in short, to do justice to the parties, according to their own just intentions ; or where the court may properly decline deciding the questions submitted. A similar rule of practice would seem to be adopted in Massachusetts. 4 *Met.* 478, *Gregory* vs. *Peirce.* And we can discover no sound reason for going farther, and exercising the summary power of setting aside the fair and voluntary agreement of parties of record, upon grounds of slighter character, or reasons of less stringent force, than those stated. It is a power which should be exercised with great care and caution, and applied only upon the strong ground that the case is not what the parties intended to make it, and that the result has been brought about by fraud, accident or mistake.

The ground upon which we are called upon to exercise the power, is new in this court ; and the question is, whether it falls within the principle stated. The case was drawn and agreed to prior to the discharge in bankruptcy. The fact relied upon for the exercise of the power, and for sustaining the defendants' motion, did not exist at the time of the agreement. There could, therefore, have been no fraud, accident, mistake, or unintentional omission in the drawing up of the case, touching the matter relied upon as the foundation of the motion to discharge the case ; and it is not open to doubt that the questions presented are proper matters for the decision of the court. To adopt or tolerate such an exercise of power as we are called upon to do, would be to exercise the power of annulling agreements fairly entered into, without fraud, accident, or mistake, instead of those unfairly made ; to make and unmake agreements for parties, instead of carrying those fairly made into proper effect, or taking care that parties are not prejudiced by fraud

or even innocent mistakes, which is the legitimate province of the court. Such an exercise would ill accord with the purposes of justice, the duties of the bench, or the rights of parties; and would tend only to the overthrow of solemn contracts, fairly entered into, without just cause; would in fact be the exercise of mere arbitrary power upon no warrantable ground, and to no justifiable end. Such an assumption of power would be altogether intolerable. We therefore decline granting the motion to discharge the case.

The motion for leave to file new pleadings cannot be granted. The rights of the parties must be decided irrespectively of what may have transpired since this case was transferred. There is nothing before us but the questions of law arising upon the case agreed. The action is not brought to this court by the order of transfer, but remains in the court of common pleas, for final disposition. The motion made here is proper only to be made in that court.

The preliminary questions being disposed of, we next come to consider the question made upon the case itself.

The only question upon that is, whether the fact that Sawyer, the payee, who indorsed the note to the plaintiff, is also one of the promisors in the note, renders the note invalid, and defeats a recovery by the present plaintiff.

The note contained a promise by nine persons, to pay a sum of money to one of their number, or his order.

As an original joint promise, this could not be enforced at law. While the note remained unindorsed, and a promise to Sawyer, it could not have been enforced in his name against all the promisees jointly, for the obvious reason that the promisee, who was also promisor, could not sue himself. No man can maintain an action at law against himself, or against himself and others. It would be a solecism in legal proceedings for a person to sue himself. *Burley* vs. *Harris*, 8 *N. H. Rep.* 233.

Whether several actions might have been maintained by Sawyer to recover any portion of the note against each of

the other promisors, we need not now consider or decide. While the question upon this case is viewed in reference to Sawyer, it is rather a question of remedy than of right. But Sawyer had unquestionable authority to indorse a note payable to himself, although signed by himself as well as others. A note drawn to and indorsed by himself would have been a valid contract from the date of its indorsement. It could not have been the less valid, as a promise, for the reason that it was a joint promise with others. Having the right, then, to negotiate the note, the promise of the signers attached, and the note became a subsisting and valid contract, immediately upon its being negotiated to the plaintiff. *Pitcher* vs. *Barrows*, 17 *Pick.* 361.

Upon the whole, we entertain no doubt that, according to the provisions of the case, the plaintiff is entitled to judgment for the amount of the note declared on.

*Judgment for the plaintiff.*