## J. R. WILLIAMS *vs.* C. T. GULICK, Executor of H. H. Sawyer, deceased.

### IN EQUITY. BEFORE ALLEN, C.J.

### NOVEMBER, 1875.

In an action for accounting of partnership transactions, held, that a sale by one partner, of all the partnership porperty, dissolved the partnership; and as this suit was not brought within six years thereafter, it is barred by the Statute of Limitations.

Bill dismissed.

### DECISION OF ALLEN, C.J.

The bill of complaint sets forth that on or about the month of January, 1860, the complainant entered into co-partnership with the defendant in the business of graziers and cattle dealers, and articles of co-partnership were duly executed by the parties.

It appears by the articles that at the time of entering into the co-partnership, to wit, on the 23d day of

January, 1860, each party put into the co-partnership stock a certain number of cattle, but unequal in numbers, and the difference was made up by the payment of the sum of $1200 by Sawyer to the complainant, so that their interests were made equal. And further, it was mutually agreed that said consolidated stock and their increase should continue until said stock should be finally disposed of by the parties, and that the profits should be equally divided, or if loss should accrue in the business, the same should be paid equally. It was further agreed that the co-partnership should continue ten years, unless dissolved by mutual agreement.

The complainant further alleges that the co-partnership business and trade was entered upon and was to be carried on until the co-partnership expired by its limitation of ten years. And the complainant further alleges that the defendant has made sale of partnership property, and demands an account of the partnership transactions.

The answer of the respondent admits the execution of the articles of co-partnership, but avers that in March or April, 1864, the plaintiff sold all the cattle on his run at Waimalu without consulting with defendant, and defendant avers that said sale put an end to said agreement, and further avers that there has been no partnership dealings between them since that time. And he further avers that complainant, after the aforesaid sale of the cattle, left his run at Waimalu and entered upon the business of a sugar plantation, and as he supposed the business was closed, he had kept no co-partnership accounts.

The evidence in this case is not very satisfactory, as neither party kept any accounts. But it appears by the evidence of Mr. Dowsett that he purchased of the complainant 545 head of cattle, being all the herd in the immediate charge of complainant at Waimalu, in 1864. And it appears further in evidence by Mr. Humphreys, that the respondent on July 1, 1865, made an agreement with him to sell him certain lands, and all the property on the same, consisting of pens, fences, houses, farming utensils, carts, ploughs, and all property on said lands, and also

all the interest the respondent had to all cattle, horses and mules, wherever running, branded *J M*, *V-I*, or 71; 1*H*, being the same brand of the cattle sold Dowsett.

Mr. Humphreys further testifies that Sawyer told him that he only sold him an undivided half of the cattle and mules, he adding, "we then came into town and I was introduced to J. R. Williams as being partner, as I was in possession," but he says "I was no partner of Sawyer." He further testifies, "his agreement with Mr. Sawyer was dated July 1, 1865, was to continue till February 1, 1867, and he remained in possession till that time, when he relinquished it, for the agreement was not complied with, by failure to pay according to its terms."

This case was commenced on the 6th October, 1873, and sometime afterwards the respondent died, and the case was revived against the administrator of said respondent's estate. It is especially to be regretted that the case was not tried during the lifetime of respondent.

It does not appear that there were any accounts kept by either party, and no evidence of demand for settlement, notwithstanding the large sales made by each party. It appears that the respondent resumed the possession of all the property which he had agreed to convey to Humphreys, on the 1st July, 1867, and continued in the same till he made sale of the cattle to Mr. E. H. Boyd, on the 11th of January, 1869. This deed, together with the agreement with Humphreys, was placed on record.

It does not appear by the evidence that either party called the other to account after the sale to Dowsett, or after the agreement to sell to Humphreys, or the actual sale to Mr. Boyd.

After complainant sold to Dowsett, he went into the business of the sugar plantation, and it does not appear by the evidence that he rendered any more personal service to the partnership, neither does it appear that he recognized Humphreys as a partner. And the main question is: Was the partnership dissolved by the acts of the co-partners?

After the sale of complainant to Dowsett, and his abandonment of all partnership co-operation, and after the agreement to

sell to Humphreys all the partnership property on respondent's land at Kailua, and it not appearing that there was any partnership co-operation by these parties, it was a strong case of implied consent to dissolve the co-partnership.

Mr. Justice Story, in his work on Partnership, Sec. 272, says: "As to dissolution by tacit renunciation or by implication from circumstances, it may arise in various ways, as by the withdrawal of a partner from the business of the partnership and engaging in other concerns, or by his refusal to act with the other partners in the business, or by his assigning over his share in the partnership, or by his doing any other act utterly inconsistent with the continuing relation of partnership."

It is contended by the counsel for the respondent that the sale to Dowsett, by complainant, and the subsequent sale to Humphreys, by respondent, was a final sale of all the partnership property, and by the very terms of the co-partnership, worked a dissolution. But the complainant contends that the sale by respondent of all his interest in the cattle and mules was conditional only, that the contract was executory and depended on the contingency of payment, which never happened. Possession was given to Humphreys of the property, and he had the full enjoyment of it, and neither of the parties, complainant or respondent, ever exercised any control over the property, and Humphreys continued in possession for the term of two years. The respondent could not impose Humphreys on Williams as a partner, and there was no evidence that this relation existed between them.

A conditional sale of the whole property, surrendering possession of the same to a third party, so that there is no further business of the co-partnership to do, amounts to a dissolution under the articles, as well as by the law which regulates the co-partnership relation. It was the transfer of all the respondent's interest in the partnership property which severed the unity of interest between the contracting parties. *Ketcham vs. Clark,* 6 Johns., 144; *Murray vs. Bogert,* 14 Johns., 318; *Marquand vs. N. Y. Man. Co.,* 17 Johns., 525.

The interest of a partner is liable for his separate debts, and

his creditors can take by assignment, or on execution, but they are entitled to it without the risk of being partners; neither are the solvent partners obliged to continue the partnership for the very good reason that the property of the insolvent partner is taken out of the concern. Respondent had nothing to do as partner at Koolau, neither had Williams at Waimalu. The property being sold, there was nothing further for the partners to do but to settle the business and divide the profits or losses as provided by the articles, and it is to be regretted that they did not make a settlement at that time. A partner cannot, by the assignment of his interest, introduce his assignee into the co-partnership.

It is well settled in England that an act of bankruptcy is a dissolution of partnership; this is by reason of the assignment, which severs the interest in the bankrupt by operation of law. Camp. 448; 5 Vesey, jr., 295.

The partner who made a sale of his interest in a co-partnership would be liable in damages undoubtedly for non-fulfillment of his co-partnership agreement.

I am of opinion that the co-partnership of Williams & Sawyer was dissolved by the act of Williams in the sale of all the cattle under his charge at Waimalu, and his embarking in other business, when taken in connection with the sale of all the partnership property at Koolau by Sawyer, on the 1st day of July, 1865, and as this bill was not brought within six years from that date, my judgment is that the suit is barred by the Statute of Limitations. Bill dismissed, each party to pay his own costs.

*W. C. Jones & Edward Preston,* for plaintiff.

*R. H. Stanley & A. S. Hartwell,* for defendant.

Honolulu, November 9th, 1875.