MILES DUNCAN, Plaintiff, *v.* HERBERT L. BRUCE, Defendant.

Supreme Court, Special Term, Queens County, February 17, 1943.

*Irving Mendelson* for defendant.

*Edmund B. McGarvey* for plaintiff.

RUBENSTEIN, J. In an action between alleged partners of a luncheonette and restaurant, the complaint contains two causes of action. The first is to recover damages in the sum of $5,000 representing the plaintiff's share of the business, including good will, trade and value of merchandise and fixtures destroyed and converted by the defendant, together with an additional $5,000 for damages for loss of profits, it being asserted that the defendant maliciously wrecked, tore, broke and ripped apart the walls, furniture and other fixtures of the partnership business, and carried away and converted the same to his own use, as the result of which the plaintiff was deprived of a livelihood for six months. The second cause of action charges that the defendant misappropriated the partnership assets and failed and refused to account to plaintiff therefor. The prayer for relief under the first cause of action seeks damages in the sum of $10,000 and under the second cause of action for a dissolution of the partnership, for an accounting, and for such other relief as may seem just and proper.

The defendant has now moved to dismiss the first cause of action for legal insufficiency, upon the ground that where no accounting has been had between partners one partner may not sue the other at law for transactions relating to the partnership or partnership property. The plaintiff seeks to sustain the first cause of action, upon the ground that partners may sue each other at law upon claims growing out of transactions

which are not connected with the partnership business, as if they were strangers, and that the wrongful acts charged in the first cause of action are in no way related to the partnership existing between the parties.

While the legal propositions advanced by both parties are undoubtedly correct, I am unable to reach the conclusion of the plaintiff that the alleged wrongdoing with which the defendant is charged was unconnected with the partnership relationship. Essentially the defendant has been charged by the plaintiff with misconduct as a partner. He is accused of having '' in violation of the terms and conditions of the partnership agreement, feloniously and maliciously, with the aid of his agents and without any just cause or provocation and without the knowledge or consent or approval of the plaintiff, entered upon the business premises of the parties hereto, wrecked, tore, broke and ripped apart the walls, furniture and other fixtures of the partnership business belonging; and carried away and converted the stock, merchandise and utensils.'' This conduct, if true, entitles the plaintiff to declare the partnership dissolved and to have an accounting. (118 A. L. R. 1422, and authorities there cited.)

The situation presented here, however, does not justify the departure from the general rule as stated in *Herrick* v. *Guild* (257 App. Div. 341) to the effect '' that suits between partners should be brought in equity, particularly for an accounting, and that an action at law may not be maintained until after an accounting and a balance struck (Partnership Law, § 44; *Arnold* v. *Arnold,* 90 N. Y. 580; *Dalury* v. *Rezinas,* 183 App. Div. 456, 460; affd., without opinion, 229 N. Y. 513) * * *.'' The facts pleaded herein do not bring this action within the holding of the Appellate Division, First Department, in *Burnstine* v. *Geist* (257 App. Div. 792), wherein it was held that a partner who attempts to dissolve a partnership before the end of the term agreed upon in the articles of partnership is liable for breach of contract in an action at law brought by his copartner.

The motion is accordingly granted with leave to the plaintiff to serve an amended complaint within ten days of the service of the order hereon with notice of entry.