Rockingham,
No. 4302.

HAMPTON *v.* RICHARD PALMER & a.

Argued June 2, 1954.

Decided July 1, 1954.

*Upton, Sanders & Upton, Frank A. Batchelder* and *Perkins & Holland* (*Mr. Richard F. Upton* orally), for the plaintiff.

*Sleeper & Mullavey* for the defendant Mace, furnished no brief.

*Burns, Calderwood & Bryant* (*Mr. Bryant* orally), for the other defendants.

KENISON, C. J.   The plaintiff claims that its remedy at law is inadequate and this action falls within recognized equity jurisdiction.   The defendants claim that the plaintiff has an adequate legal remedy and to allow this bill in equity to be maintained would deprive them of their constitutional right to trial by jury.   N. H. Const., Pt. I, *Art.* 20.   Both agree that the "nature of the case and of the relief sought must be looked to for the settlement of the constitutional question" (*Daley* v. *Kennett,* 75 N. H. 536, 540), and that the form of action employed or the procedural tag used to describe it are not necessarily determinative.   *Murphy & Sons Inc.* v. *Peters,* 95 N. H. 275, 276.   As is so often the case the formula is easy to locate, simple to state and is generally undisputed but its application to specific facts provides no sure guide, is difficult to employ and is generally controverted.   The decisions in other jurisdictions are in conflict.   See anno. 117 A. L. R. 9.

The mere fact that title to real estate is involved does not establish the right to a jury trial which deprives equity of all jurisdiction.   *Hatch* v. *Hillsgrove,* 83 N. H. 91; R. L., *c.* 371, *s.* 3; *Nixon* v. *Bonenfant,* 97 N. H. 230; *Cf. Adams* v. *Mellian,* 99 N. H. 140.   On the other hand the mere fact that there may be several actions against several defendants does not establish that the remedy at law is inadequate.   *Allbee* v. *Elms,* 93 N. H. 202. The pleadings in this case indicate that it will involve much documentary material and ancient documents and records, some of which date from colonial times.   With the exception of the de-

fendant Doggett there is an identity of issues and a community of interests sufficient to invoke equity jurisdiction. Complete relief could not be obtained in the law actions originally brought. There is precedent for this basis of equity jurisdiction in *Smith* v. *Bank*, 69 N. H. 254. See *Page* v. *Whidden*, 59 N. H. 507. "Avoidance of a multiplicity of actions in equity makes for economy in trial procedure and for greater consistency in discretionary findings." *Allbee* v. *Elms, supra,* 203; 1 Pomeroy Eq. Jur. (5th *ed.*) *ss.* 181, 269; 45 Harv. L. Rev. 1297. While the decisions in this state indicate a strong tendency to uphold the right of trial by jury whenever possible (*Murphy & Sons Inc.* v. *Peters,* 95 N. H. 275; *Employers Assurance Co.* v. *Tibbetts,* 96 N. H. 296), we have not hesitated to permit equity jurisdiction where it involves accounting, injunction and relief from multiplicity of suits involving substantially identical issues. *Nixon* v. *Bonenfant, supra; Berry* v. *Whidden,* 62 N. H. 473.

The difficulties resulting from a multiplicity of suits may be avoided to a certain extent if the suits are consolidated and tried together. *Salganik* v. *Company,* 80 N. H. 450, 452; *Dartmouth College* v. *Cameron,* 77 N. H. 66, 67. However, this does not deprive equity of jurisdiction in this case where multiple suits at law would involve a community of interests and might require the recognized equitable aids of accounting and injunction. It is true that an amendment from an action at law to a bill in equity may have the effect of depriving the defendants of a jury trial. That matter was considered in *Dondero* v. *Ferranti,* 90 N. H. 554, where an action of tort was amended to a bill in equity for accounting. It was stated therein that the "court's finding that justice required the allowance of the amendment is not to be set aside merely because the defendant thereby lost her right to a jury trial of the action at law." The nature of the case and the relief sought in this proceeding warrants equity taking jurisdiction. There was no error in the denial of the defendants' motion to dismiss the bill in equity or the discretionary denial of their motion for a jury trial. *Evans* v. *Evans,* 78 N. H. 352. See *Gauthier* v. *Gosselin,* 94 N. H. 496.

*Exceptions overruled.*

All concurred.