Hillsborough
No. 7658

WILLIAM A. SMITH, INDIVIDUALLY AND AS A PARTNER,
ON BEHALF OF BEDFORD VILLAGE ASSOCIATES,
A NEW HAMPSHIRE PARTNERSHIP

v.

MANCHESTER MANAGEMENT CORPORATION

April 29, 1977

*Sheehan, Phinney, Bass & Green,* of Manchester (*Mr. James E. Higgins* orally), for the plaintiff.

*McLane, Graf, Greene, Raulerson & Middleton,* of Manchester (*Mr. Jack B. Middleton* orally), for the defendant.

PER CURIAM. The plaintiff, William A. Smith, entered into a partnership agreement with the defendant, Manchester Management Corporation. The resulting partnership, Bedford Village Associates, was formed for the purpose of developing a tract of land and the buildings thereon for use an an "antique fair" area, where antique shows and auctions would be held. The endeavor proved a financial failure, and the partnership no longer is an ongoing business operation. While the partners have expressed a desire to terminate the partnership, no final accounting of the partnership affairs has yet been made.

Plaintiff Smith brought a petition on behalf of himself individually and as a partner alleging that the defendant, in various respects, breached its obligations under the partnership agreement. He is seeking to impose a constructive trust on the proceeds of certain real estate and to recover damages for alleged mismanagement of partnership affairs by the defendant. Plaintiff moved for a jury trial. The Court (*Flynn,* J.) ruled that under the pleadings plaintiff was not entitled to a jury trial as a matter of law. Plaintiff's exception has been reserved and transferred. The sole issue presented by this interlocutory appeal is whether the plaintiff is entitled to a jury trial on any of his allegations. *See* N.H. CONST. pt. I, art. 20.

Plaintiff acknowledges that his request for a constructive trust is equitable in nature and as such does not give rise to a right to trial by jury. He maintains, however, that a right to a jury trial is guaranteed him on his claims respecting the mismanagement of partnership affairs, on the theory that these claims constitute an action at law. *See Hampton v. Palmer,* 99 N.H. 143, 145, 106 A.2d 397, 399 (1954). " 'The nature of the case and of the relief sought must be looked to for the settlement of the constitutional question.' " *Lakeman v. LaFrance,* 102 N.H. 300, 304, 156 A.2d 120, 126 (1959). Our inquiry must be directed to the issue of whether plaintiff's damage claims are of such a nature as to be maintainable in an action at law.

We first closely examine the allegations contained in the petition. The first complaint is that the defendant failed to meet its obligation under the partnership agreement to maintain in its capital account an amount equal to that of the plaintiff. Mr. Smith alleges: "Petitioner . . . contributed an extra ten thousand ($10,000.) to capital . . . . Manchester Management Corporation, contrary to its agreement and its duties did not contribute an additional ten thousand dollars ($10,000.)." The second complaint alleges that the defendant breached its duty "to manage the operations and restoration of buildings on the premises." Specifically, plaintiff alleges that defendant awarded construction contracts without competitive bidding, resulting in cost overruns, and that it failed to hire plaintiff's choice for supervisor of the construction work, resulting in "mismanagement of partnership affairs by Manchester Management Corporation in breach of its fiduciary and agreed duties to the partnership." The final complaint is that the defendant engaged in a "pattern of self-dealing in violation of fiduciary duties." The specific allegations are that the defendant purchased an option on land on which the partnership had a parking easement, and thereafter agreed to sell the easement without the approval of the partnership; that the defendant attempted to "buy out" the plaintiff's partnership interest "for . . . sums . . . inconsistent with the value of the interest"; and that the defendant successfully bid at the foreclosure sale of the partnership premises "intending to use said property to its own use and profit." In summary, plaintiff alleges 1) that the defendant failed to maintain its proper capital contribution; 2) mismanaged its partnership duties and; 3) engaged in a pattern of self-dealing.

It is well-settled law that:

> In the absence of statutory permission an action at law, as distinguished from an action in equity, is not maintainable between partners with respect to partnership transactions, unless there has been an accounting or settlement of the partnership affairs.

60 Am. Jur. 2d *Partnership* § 350, at 237 (1972); 68 C.J.S. *Partnership* § 108 (1950); *see Towle v. Meserve*, 38 N.H. 2 (1859); *Burley & Harris v. Harris*, 8 N.H. 233 (1836). Plaintiff's principal argument in avoidance of this well established rule is that his claims do not involve partnership affairs, but rather direct con-

tractual obligations between the parties in their individual capacities. We find this characterization by plaintiff to be inapposite.

Where there "is an agreement by one partner individually to do something for the benefit of the other individually, and [the agreement] imposes an obligation binding the one personally to the other, its breach gives a right of action at law, if the damages can be assessed without an investigation of the partnership accounts." *Miller v. Freeman,* 111 Ga. 654, 659, 36 S.E. 961, 963 (1900). However, the alleged failure of the defendant to maintain its capital obligations was not a breach of any individual agreement between the partners, but rather of an obligation under the partnership agreement. "[F]or the breach of the undertaking of a partner to pay in to the partnership his agreed capital contribution . . . there is no remedy in the other partner, except in the course of partnership accounting." J. Crane & A. Bromberg, Partnership § 69, at 399 (1968); *cf. Currier v. Webster,* 45 N.H. 226 (1864). Thus, the claim respecting capital contribution is not a claim at law and does not entitle plaintiff to a jury trial. *See Heiselt v. Brown,* 108 Colo. 562, 120 P.2d 644 (1941); *Stephens v. Lehnert,* 310 Pa. 412, 165 A. 651 (1933); Annot., *Actions at law between partners and partnerships,* 168 A.L.R. 1088, 1094 (1947).

Also evident is that the claims of mismanagement and self-dealing involve promises and obligations to the partnership, rather than any express agreement by the defendant running individually to the plaintiff. *See Stephens v. Lehnert,* 310 Pa. at 414, 165 A. at 652. Indeed, plaintiff states in his petition that the mismanagement was in breach of defendant's "fiduciary and agreed duties to the partnership." Plaintiff cannot avoid the general rule that "an action at law cannot be maintained by one partner to recover damages from a copartner for breach of the general provisions of the partnership agreement." Annot., 168 A.L.R. at 1097; *see Duncan v. Bruce,* 179 Misc. 992, 43 N.Y.S.2d 447 (Sup. Ct. 1943); *Stipcich v. Marinovich,* 13 Wash. 2d 155, 124 P.2d 215 (1942).

The partnership relation here has existed over a considerable period of time and has undoubtedly involved numerous transactions. No accounting has been had. Plaintiff's complaints go to the heart of the conduct of the partnership affairs. We conclude the court did not err in concluding that plaintiff was not entitled to a

jury trial. *See Hampton v. Palmer*, 99 N.H. 143, 106 A.2d 397 (1954).

*Exceptions overruled.*