FRENKEL & CO., INC., Respondent, Appellant, v. L'URBAINE FIRE INSURANCE COMPANY OF PARIS, FRANCE, Appellant, Respondent, Impleaded with ALFRED SCHARNBERG and Another, Composing the Firm of ALFRED SCHARNBERG & Co., Defendants.

First Department, January 13, 1928.

Contracts — defenses — action to recover commissions under contract between plaintiff's assignor and corporation defendant — defense that plaintiff's assignor was alien enemy of France and declaration of war between France and Germany prevented performance of contract — defense further alleged seizure of assignor's property in France and dissolution of firm under French law — defenses insufficient for failure to allege laws of France and facts showing applicability.

This is an action to recover commissions under a contract between plaintiff's assignor and defendant corporation. It is alleged as a defense that by reason

of the declaration of war between France and Germany the corporation defendant was precluded from carrying out the contract since plaintiff's assignor was an alien enemy, and all of its property was seized by the French government. This defense is insufficient for failure to allege the laws of France governing the situation, and facts showing that plaintiff's assignor and the contract were subject to the provisions of the French law.

Another defense was to the effect that plaintiff's assignor was a copartnership comprised of alien enemies, which was at the outbreak of the war by operation of French law, dissolved, and that by the terms of the agreement defendant was to be liable for commissions only so long as plaintiff's assignor existed. This defense, if proven, would bar the action, but it is defective in that it does not plead the French law and the facts showing that plaintiff's assignor was subject thereto.

CROSS-APPEALS by the plaintiff and by the defendant L'Urbaine Fire Insurance Company of Paris, France, from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 18th day of October, 1927.

*William C. Prime* of counsel [*R. E. & A. J. Prime,* attorneys], for the plaintiff.

*Milton B. Ignatius* of counsel [*Blaine F. Sturgis* with him on the brief; *Cabell, Ignatius & Lown,* attorneys], for the defendant.

McAVOY, J. Plaintiff moved to strike out all the defenses in the answer upon the ground that none contain facts sufficient to constitute a defense.

The learned court at Special Term struck out defenses second, fourth and fifth, but denied the motion as to the first and third. There are cross-appeals therefrom by plaintiff, because the order refused to strike out the first and third defenses, and by the defendant, because the learned court struck out the second, fourth and fifth defenses.

The defenses in general refer to a contract which is alleged in the complaint to have been made between plaintiff's assignor and defendant insurance company. This contract was for commissions on certain insurance premiums secured by the plaintiff's assignor for the defendant and was to continue for a period of fifteen years from 1913. The suit covers a period from June, 1920, to June, 1926.

The first defense alleges that by reason of the declaration of war between France and Germany and because Scharnberg & Co. were enemy aliens of France with whom by the laws of France defendant was prohibited from carrying on any intercourse or to whom it was forbidden making any payments, all of said plaintiff's assignor's property was seized by the Sequester acting for the government of France. The suit is for an accounting and

for the recovery of commissions accruing under this contract. The commissions due under the contract are alleged to be so due by reason of the matters contained in two certain letters, dated at Paris, November 18, 1913, and December 10, 1913, and such commissions were to be paid annually, and payment was to be made in francs. The plaintiff sues as assignee of Scharnberg & Co., the original parties to the contract under an assignment of August 27, 1914. It does not appear where the assignment was made.

The first defense, in effect, is that all the interest of Scharnberg & Co. was seized by the Sequester acting for and in behalf of the government of France. This defense would be good if the allegation further pleaded the laws of France governing the situation and alleged the facts showing that Scharnberg & Co. and this contract were subject to their provisions.

The third defense, which was also sustained, is that Scharnberg & Co., plaintiff's assignor, was a copartnership and was declared to be comprised of enemy aliens, and at the outbreak of war between Germany and France was, by operation of the laws and edicts of the government of France, dissolved; and further, by the terms and covenants of the agreement between the parties, defendant was to be liable for commissions only so long as Scharnberg & Co. existed. If this defense is proven and the war dissolved the partnership, then it will be a bar to an action by the contractor or his assignee. This defense has the same defects. It does not plead either the French statutes by which the matter is controlled or the facts showing plaintiff's assignor subject thereto.

We think that the court at Special Term was correct in striking out the second, fourth and fifth defenses, but each of these defenses may be made good by a showing of the applicability of the French laws by pleading their terms and the duties, liabilities and penalties of the plaintiff's assignor as enemy aliens thereunder.

Therefore, the order should be modified by striking out the first and third defenses, and as so modified affirmed, with ten dollars costs and disbursements to the plaintiff, but with leave to defendant to plead over the defenses set up in proper form, upon payment of said costs.

DOWLING, P. J., MERRELL, FINCH and PROSKAUER, JJ., concur.

Order modified by granting plaintiff's motion to strike out the first and third defenses, and as so modified affirmed, with ten dollars costs and disbursements to the plaintiff, appellant, and with leave to the defendant L'Urbaine Fire Insurance Company of Paris, France, to serve an amended answer within twenty days from service of order upon payment of said costs.