ALEXANDER H. ARNOLD, Appellant, *v.* THOMAS J. ARNOLD et al., Respondents.

One member of a firm cannot recover from the representatives of a deceased co-partner any portion of moneys received by the latter belonging to the

firm, unless upon an accounting or settlement of the affairs of the partnership a balance is found due to him.

In any proceeding by one partner after the death of a co-partner for an accounting, a surviving partner is a necessary party.

(Argued December 8, 1882; decided December 15, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made at the December term, 1880, which affirmed a judgment in favor of defendants entered upon the report of a referee.

This was a reference under the statute of a disputed claim against the estate of Benjamin F. Arnold, defendant's testator.

The deceased and his two sons, one of whom is the plaintiff, were, prior to his death, in partnership. Some years before his death the deceased invested $2,000 of the co-partnership funds in a bond of the State of New York. This he subsequently sold, and the proceeds were deposited in bank to the credit of his individual account. The claim was for one-third of this amount, with interest.

Further facts are stated in the opinion.

*Edward Crummey* for appellant. Plaintiff was entitled to recover. (*Payne* v. *Matthews*, 6 Paige, 19.)

*Homer A. Nelson* for respondents. The only action the possession of this money subjected defendant's testator to, so far as his co-partners were concerned, was simply one for an accounting which would involve an examination and settlement of the entire affairs of the co-partnership. (*Westerlo* v. *Evertson*, 1 Wend. 532; *Murry* v. *Boger*, 14 Johns. 318.) In this case no trust was created by the purchase of the bond with the partnership money. (*Murry* v. *Costen*, 20 Johns. 575; *Atwater* v. *Fowler*, 1 Edw. Ch. 417.)

DANFORTH, J. The proceedings in this matter were commenced before the surrogate of Dutchess county, on the 15th of September, 1879, for the purpose of ascertaining the justice of a claim made by one Alexander H. Arnold against the

estate of Benjamin F. Arnold for $720.76, with interest from July 1, 1871, alleged by him to be due for one equal one-third of a $2,000 bond of the State of New York. Benjamin F. Arnold died in January, 1874, leaving a will which was admitted to probate on the 31st of March, 1879, and in pursuance of its provisions, Thomas J. Arnold and Thomas Arnold were appointed his executors. They disputed the claim of Alexander H. Arnold. In pursuance of the statute it was sent to a referee for trial. He found against the claimant, and upon his report, judgment was entered in the Supreme Court, dismissing the claim with costs in favor of the executors. The claimant appealed to the General Term of the Supreme Court, where the judgment was affirmed.

I have examined the several points made by the appellant, and find no reason to doubt the correctness of the judgment.

The alleged foundation for the claim is stated by the appellant to be an indebtedness on the part of Benjamin F. Arnold, growing out of the following facts : In the spring of 1862, the claimant, Alexander H. Arnold, the deceased, and one William Arnold entered into a partnership in the business of farming, under the name of B. F. Arnold & Sons, for a term ending April, 1865. In February, 1865, B. F. Arnold purchased, with the firm money, a bond for the sum of $2,000, which he afterward disposed of, and received in place of it a State bond. Although the partnership expired by its terms in April, 1865, it is apparent that it continued to transact business in the firm name as late as June 15, 1867. It appeared by the testimony of Mrs. Arnold, the wife of the claimant, that the firm was in fact dissolved by mutual consent, and it is claimed by counsel for the appellant that the partnership debts were at that time all paid, but on the part of defendants, evidence was given by William Arnold, one of the co-partners, to the effect that there never had been a settlement of the co-partnership or its affairs, and I do not find that the claimant's witness testifies to the contrary. She proves a looking over of certain firm checks, in the presence of Alexander and B. F. Arnold, a partial classification of them, and in 1865 a division of cattle, then property

of the firm, but she says: "I do not know as there was a settlement. I have not meant to swear there was any settlement between these parties," and no interview is testified to at which all the parties were present. There is in the evidence nothing to show the state of the general balance of the partnership account, nor even that such an account was taken.

In *Smith* v. *Barrow* (2 Term R. 478), it is said "one partner cannot recover a sum of money received by the other, unless on a balance struck, that sum be found to be due to him alone." Of course if after a partnership has been dissolved, the parties meet and come to a mutual settlement of the account, and one of them admits a balance due the other, an action might lie, or after death of the co-partner, the remedy invoked here might be successfully pursued against his estate, but that is not this case. The referee has found in accordance with the defendants' claim, that there never has been an accounting or settlement of the partnership affairs. He also found facts which I have above stated in reference to the purchase of the bond by Benjamin F. Arnold, but as a matter of fact that his estate "is not indebted in any manner, or in any sum whatever to the claimant, Alexander H. Arnold." To have found otherwise would have been error; for until the parties had come to an adjustment of their affairs, or the partnership assets were applied in liquidation of the partnership debts, or those debts in some other way canceled, one partner had no right to ask for a division of the assets, nor could it until that time be ascertained what amount would be due to him.

It may be conceded that upon these proceedings before settlement or distribution of the estate, the surrogate might liquidate or examine into and adjust the claim of the plaintiff to payment out of the estate of the deceased, but it is obvious that in any proceeding for that purpose, William Arnold, the third partner, would be a necessary and indispensable party. It was held in *Casey* v. *Brush* (2 Caines, 293) that the rule was too well settled to be shaken that partners cannot sue each other at law for any thing relating to their partnership concerns, unless there has been a settlement and balance struck, and an

express promise to pay, and although a different rule might be applied in case it appeared that there was only a single item to be adjusted, that is not this case. The findings of the referee control here, and we are bound by his conclusion that there has been no settlement of the partnership affairs, and that its concerns are still unadjusted.

The judgment should be affirmed.

All concur, except TRACY, J., absent.

Judgment affirmed.