WALTER R. HERRICK, Respondent, *v.* CHARLES F. GUILD and ALDEN S. BLODGET, Appellants, Impleaded with ROYAL LITTLE and Others, Defendants.

First Department, June 29, 1939.

*Martin Taylor* of counsel [*John Collins* with him on the brief], for the appellants.

*Walter R. Herrick* of counsel [*Herrick, Hoppin & Thorne,* attorneys], for the respondent.

O'MALLEY, J. The plaintiff, a limited partner, sues at law to recover an alleged balance due of $20,429.89 out of his original total capital contributions of $350,000, it also being alleged that the general partners have themselves received part of their con-

tributions. It is the contention of plaintiff that he is entitled to receive the balance of his capital contribution before any further distribution is made to the general partners.

The complaint is attacked for insufficiency principally on the ground that any action between partners should be in equity and that any action at law between partners must be predicated upon an accounting duly had and a balance struck — an allegation not found in the complaint. In this connection it is also urged that the complaint should contain an allegation to the effect that all creditors have been paid.

While the ordinary rule is to the effect that suits between partners should be brought in equity, particularly for an accounting, and that an action at law may not be maintained until after an accounting and a balance struck (Partnership Law, § 44; *Arnold* v. *Arnold*, 90 N. Y. 580; *Dalury* v. *Rezinas*, 183 App. Div. 456, 460; affd., without opinion, 229 N. Y. 513), we are of opinion that an exception to the rule is here presented. By the articles of partnership defendants covenanted that plaintiff was not to be liable as between them "for operating losses" and that the general partners agreed to indemnify the limited partner "from their *individual* assets, if necessary." (Italics ours.) In this provision there is a distinct obligation on the part of the general partners to make good the contribution of the limited partner from their own personal assets, even though the partnership assets were insufficient for the purpose. In this view, therefore, plaintiff may have an action at law. (*Stewart* v. *Sandall*, 184 App. Div. 446.)

However, following the provisions of sections 105, subdivision (1), paragraph (a), and 112, of the Partnership Law, the articles of partnership between the parties provided that payments to the partners upon termination should be made "after payment of all debts and liabilities of the partnership."

Here the complaint contains no allegation that the debts and liabilities of the partnership have been paid. In our view this is a condition precedent to plaintiff's right to maintain an action at law on the covenant of the general partners to personally protect plaintiff from loss on his capital contribution.

The contention of the plaintiff that, because it appears from the complaint that the general partners have already received a partial return of their capital contributions, and, therefore, may not assert that there may be creditors unpaid, is fallacious and untenable. It well may be that such repayment was improper and will have to be returned to the assets of the partnership. Wrongdoing or improper acts on the part of the general partners may not give the limited partner greater rights than the law or his con-

tract grants him.   The rule of fair intendment to be given a pleading attacked for insufficiency does not entitle the plaintiff to this interpretation, which he urges us to adopt.

In the circumstances, therefore, the order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion to dismiss granted, but with leave to plaintiff to plead anew within twenty days after service of a copy of the order with notice of entry thereof, on payment of said costs.

MARTIN, P. J., and UNTERMYER, J., concur; TOWNLEY and DORE, JJ., concur in the result on the ground that plaintiff's proper remedy is an action in equity for an accounting.

Order unanimously reversed, with twenty dollars costs and disbursements, and the motion to dismiss the complaint granted, with leave to the plaintiff to plead anew within twenty days after service of a copy of the order with notice of entry thereof on payment of said costs.