HENRY C. BURNSTINE, Appellant, *v.* A. JOSEPH GEIST, Respondent.

First Department, October 27, 1939.

*John Holley Clark, Jr.,* of counsel [*Richard H. Brown* with him on the brief; *Chamberlain, Clark, Buchner & Willi,* attorneys], for the appellant.

*Otto C. Sommerich* of counsel [*George E. Netter* with him on the brief; *Katz & Sommerich,* attorneys], for the respondent.

COHN, J. Appellant and respondent had been partners in a law firm. After the partnership was dissolved respondent instituted in Queens county an action against appellant for an accounting and for a formal dissolution of the partnership enterprise. In that action this appellant, who was there the defendant, counterclaimed and prayed for an accounting of the partnership affairs up to the time of his exclusion, but asserted no claim for wrongful dissolution of the partnership.

The present action was later instituted by appellant in New York county to recover of respondent damages for breach of the

contract of partnership in prematurely dissolving the firm. Upon motion made by respondent the complaint was dismissed at the Special Term upon the ground that a prior action, namely, the Queens county action, was pending between the same parties for the same cause.

We think that the dismissal of the complaint was erroneous. The pendency of the prior action in equity for a partnership accounting is not a bar to a subsequent suit by the excluded partner for damages for breach of the partnership agreement.

A partner who attempts to dissolve the partnership before the end of the term agreed upon in the partnership articles is liable in an action at law against him by his copartner for breach of the contract. (*Bagley* v. *Smith*, 10 N. Y. 489; *Cahill* v. *Haff*, 248 id. 377, 382; *Karrick* v. *Hannaman*, 168 U. S. 328, 337; *Crownshield Trading Corporation* v. *Earle*, 200 App. Div. 10, 16; *Armstrong* v. *Rickard*, 199 id. 880, 886; *Hagenaers* v. *Herbst*, 30 id. 546; affd., 164 N. Y. 603.) In *Armstrong* v. *Rickard* (*supra*) this court (at p. 886) said:

" The law is well settled in this State and elsewhere that, where a partner assumes to dissolve the partnership before the end of the term agreed upon * * * he is liable in damages to be recovered in an action at law. (*Bagley* v. *Smith*, 10 N. Y. 489; *Hagenaers* v. *Herbst*, 30 App. Div. 547; *Hyer* v. *Richmond Traction Co.*, 168 U. S. 471; *Manny* v. *Burke*, 174 App. Div. 654.)"

Upon the facts as they are claimed to exist, appellant has two separate and distinct rights which were violated by two independent wrongs: (1) Appellant was entitled to have the partnership continue in accordance with the agreement. This right, it is asserted, respondent violated by a dissolution in contravention of its terms. For the wrongful termination, appellant has an action at law against respondent for damages for breach of contract. (2) A partner has the right to a formal account of the partnership affairs if he is wrongfully excluded from the partnership business. (Partnership Law, § 44.) For failure on the part of respondent to account for the partnership assets during its continuance and before appellant's wrongful exclusion, appellant has an action in equity for an accounting. He has availed himself of the latter right by counterclaiming in the equity action brought against him in Queens county; he is free to enforce the right for damages for the breach of his contract by a separate action at law. The pertinent rule is concisely set forth in 20 Ruling Case Law, at pages 927, 928, as follows:

" The jurisdiction of equity in matters of partnership is not exclusive * * * A suit [for damages] may also be maintained

for the act of a copartner in dissolving the firm before the period limited by the articles of copartnership, with the design of taking an unfair advantage of his associates, * * *. The test seems to be that if the damages resulting from a breach of a covenant or stipulation in the partnership agreement by one partner belong exclusively to the other partner, and not to the firm and can be assessed without taking an account of the partnership business, covenant or assumpsit may be maintained by the injured partner against the other for such damages. The right to recover damages for the dissolution of a partnership depends, however, on the fact that such dissolution is brought about in violation of the agreement between the partners."

Although section 69 of the Partnership Law permitted appellant to litigate his action for damages for breach of contract in the accounting suit by submitting such claims to the equity court upon appropriate allegations in the counterclaim, he was not compelled to do so. The Partnership Law (§ 69) provides that the interest of a wrongdoer in a share of the partnership assets is subject to the right of the innocent party to damages. It in no manner indicates how the damages must be ascertained nor does it declare that the partner who has been expelled is divested of his action at law or that he is forced to submit his damage claim to the equity court in the accounting proceeding. By declining to present the issues with respect to the breach of contract in the equity suit and by commencing this action for damages for breach of contract, appellant is availing himself of his constitutional right of trial by jury of which he may not be deprived except upon waiver. (Civ. Prac. Act, § 425, subd. 1.)

In the circumstances, there was no pending action between the same parties for the same cause and the dismissal of the complaint in this action was improper.

The order and judgment should be reversed, with costs, and the motion denied, with leave to the defendant to answer within twenty days after service of a copy of the order with notice of entry thereof, on payment of said costs.

MARTIN, P. J., GLENNON, UNTERMYER and DORE, JJ., concur.

Order and judgment unanimously reversed, with costs, and motion denied, with leave to the defendant to answer within twenty days after service of order upon payment of said costs.