EDMUND M. SQUIRE, Plaintiff, v. THURBER WING, as Executor of ROGER WILLIAMS, Deceased, Defendant.

Supreme Court, Special Term, Kings County, May 29, 1962.

*William J. Parks* for defendant. *I. Walton Bader* for plaintiff.

JAMES S. BROWN, J. Motion for an order under subdivision 4 of rule 106 of the Rules of Civil Practice to dismiss the amended complaint on the ground that it does not state facts sufficient to constitute a cause of action.

The amended complaint alleges that plaintiff and defendant's testator were the sole partners of a certain partnership until the death of the testator on November 24, 1960, and it refers to a balance sheet and alleges that the estate of the testator owes plaintiff a certain sum consisting of a capital account overdraft plus one half of a partnership deficit. It further alleges that plaintiff served a notice of claim upon the defendant as executor of the deceased partner's estate and it was rejected. The amended complaint demands only a money judgment for the amount involved, which constitutes this action as one at law.

The defendant takes the position that an action at law may not be brought by one partner against another for a balance of money claimed to be due and relating to the partnership until there has been an accounting and a balance struck, and since

the amended complaint on its face shows that there has been no such accounting, the amended complaint must be dismissed for insufficiency.

The plaintiff concedes that the above general rule has been in effect since *Arnold* v. *Arnold* (90 N. Y. 580) but takes the position that the prohibition against actions at law between partners is in force only when the partners are still involved in the partnership relationship. Since subdivision 4 of section 62 of the Partnership Law states that dissolution of a partnership is caused by the death of any partner, this partnership, he claims, was terminated when the testator died, and therefore former partners or their heirs may sue one another for matters involving the partnership.

The further points made by plaintiff that on the death of one partner a surviving partner acquires title to the assets and property of the firm and that the surviving partner has the exclusive right to wind up the affairs of the partnership are true (*Matter of Kalik,* 178 Misc. 607, 609–610), but do not support his contention that former partners or their heirs may sue one another for matters involving the partnership. On the contrary, Surrogate FOLEY in the above matter, in referring to a respondent, a surviving partner, who refused to appear voluntarily in a proceeding in the Surrogate's Court to enforce a partnership accounting, stated at page 609: " In his status as surviving partner he is entitled to assert that an action should be brought in the Supreme Court by the executors for an accounting of the partnership assets and for a determination of the amount, if any, due this estate."

*Matter of Winter* (231 App. Div. 519), cited by plaintiff, involves a claim by a sole surviving partner against an estate but the claim was tried in the Surrogate's Court in proceedings brought for the compulsory settlement of the accounts of the executors of the estate. It was not an action at law.

The reference in plaintiff's brief to *Smith* v. *Barrow* (2 Term Rep. 476), cited in *Arnold* v. *Arnold* (90 N. Y. 580, 583) for the proposition that an action like the present one might be successfully pursued against a partner's estate is inaccurate and does not support his contention.

It is still the general rule as stated in *Herrick* v. *Guild* (257 App. Div. 341, 342) " that suits between partners should be brought in equity, particularly for an accounting, and that an action at law may not be maintained until after an accounting and a balance struck (Partnership Law, § 44; *Arnold* v. *Arnold,* 90 N. Y. 580; *Dalury* v. *Rezinas,* 183 App. Div. 456, 460; affd., without opinion, 229 N. Y. 513)". Motion granted.