■ CHARLES ROTHENBERG et al., a Copartnership Doing Business under the Name of ROTHENBERG & ATKINS, Respondents, v. SAMUEL GELLIN, Appellant.— In an action by a firm of attorneys to recover from the defendant the sum of $5,000 as the reasonable value of services rendered to defendant's wife in defending a habeas corpus proceeding instituted by him to enforce his visitation rights under a separation agreement, he appeals from an order of the Supreme Court, Kings County, dated February 28, 1962, which granted plaintiffs' motion for summary judgment and directed an assessment of damages. Order affirmed, with $10 costs and disbursements. No opinion. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.

■ AHMED K. SHUKRY et al., Respondents, v. THORSTEN JOHNSSON et al., Defendants, and MERCHANTS MUTUAL INSURANCE COMPANY, Appellant.— In an action for a declaratory judgment and for other relief, defendant Merchants Mutual Insurance Company appeals from an order of the Supreme Court, Queens County, dated March 7, 1962, which denied its motion to dismiss the complaint for failure to state a cause of action against it. The complaint commingles plaintiffs' claims for damages for personal injuries sustained as a result of the defendant Johnsson's negligence in the operation of his automobile, with plaintiffs' demand for a declaratory judgment respecting the defendant insurance company's liability for such claims under an automobile liability insurance policy issued by it to defendant Johnsson. Order affirmed, without costs (cf. *Post* v. *Metropolitan Cas. Ins. Co.,* 227 App. Div. 156, affd. 254 N. Y. 541; *De Abreu* v. *Lumbermens Mut. Cas. Co.,* 32 Misc 2d 634; *Maryland Cas. Co.* v. *Pacific Co.,* 312 U. S. 270). Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.

■ EDMUND M. SQUIRE, Appellant, v. THURBER WING, as Executor of ROGER WILLIAMS, Deceased, Respondent.— In an action arising out of the affairs of a partnership, to recover at law from the estate of a deceased partner a certain sum claimed to be due to plaintiff, as the surviving partner, the plaintiff appeals (1) from an order of the Supreme Court, Kings County, dated June 12, 1962, dismissing the amended complaint for failure to state a cause of action (Rules Civ. Prac., rule 106, subd. 4); and (2) from the judgment entered July 6, 1962 on said order. Order and judgment affirmed, with $10 costs and disbursements. The general rule is that partners may not sue each other at law on any claim relating to the partnership unless there has been an accounting and balance struck or a promise to pay (*Arnold* v. *Arnold,* 90 N. Y. 580; *Bankers Trust Co.* v. *Dennis,* 256 App. Div. 495, affd. 282 N. Y. 635; *Herrick* v. *Guild,* 257 App. Div. 341). The amended complaint on its face reveals that there has been no such accounting or promise to pay. Plaintiff asserts, however, that the dissolution of the partnership by the death of his partner permits an exception to the general rule and relieves plaintiff of the necessity to account. In our opinion, neither the cases cited by plaintiff nor the dictates of common sense justify such an exception. We also are of the opinion that the Special Term did not abuse its discretion by failing to give plaintiff leave to amend his complaint to state an action at law, since plaintiff's remedy lies in equity only. A subsequent action in equity, if properly pleaded so as to correct the defects in the present complaint, will not be barred by the judgment in this action (*Joannes Bros. Co.* v. *Lamborn,* 237 N. Y. 207; *Unity Sheet Metal Works* v. *Farrell Lines,* 130 N. Y. S. 2d 276, affd. 283 App. Div. 712). Ughetta, Acting P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur. [35 Misc 2d 287.]