Irving H. Saypol, J.
Plaintiffs allege six causes of action; five are against the moving defendants, all arising under a partnership agreement between plaintiffs as limited partners and movants as general partners owning a sanitarium in Georgia *251 which, allegedly, movants improperly sold to the other defendants. The five causes under attack seek, respectively, a declaratory judgment of the rights of the parties under the partnership agreement; damages for breach of this agreement by movants; to impress a trust on the proceeds of the sale; an order directing movants to effect a rescission of the contract of sale; and damages resulting from the conspiratorial fraudulent acts of all defendants.
The motion to dismiss the first cause for a declaratory judgment, attacks its legal sufficiency (Bules Civ. Prac., rule 106, subd. 4) and condemns it as an improper remedy (Buies Civ. Prac., rule 212) and for not being concisely stated, containing irrelevant, unnecessary and prejudicial matter (Civ. Prac. Act, § 241). Movants’ primary argument is that declaratory judgment is unavailable to plaintiffs because of other available remedies which, in fact, are asserted in the same complaint. (Elmsford Props. Corp. v. Daitch Crystal Dairies, 13 A D 2d 1026.) Generally, the existence of other available remedies does not alone limit a declaration and it is discretionary with the court. (Woollard v. Schaffer Stores Co., 272 N.Y. 304) However, as the court noted in Woollard (supra, p. 311) on the institution of the action for a declaration when there is pending an action at law, “ the court abuses its discretion when it entertains jurisdiction. (Colson v. Pelgram, 259 N. Y. 370.) ” There appears to be no valid basis for a distinction between declaration following action at law and, as here, joinder of a cause for a declaration with other causes which are based upon the very agreement sought to be construed by declaration. Here the other remedies are not inadequate (cf. Garden Hall v. Abidor, 18 Misc 2d 584), no presuit controversy exists as a basis for resolution to avoid litigation (cf. Woollard v. Schaffer Stores Co., supra) and the question posed is not limited to the single question of availability of a declaratory judgment. (Cf. National Academy of Design v. Jimenez, 81 N. Y. S. 2d 644.) There is no doubt as to rights which if declared will avoid litigation; the dispute is real as is the litigation a reality. Furthermore, no question of the meaning or constitutionality of a statute is presented (cf. Dun & Bradstreet v. City of New York, 276 N. Y. 198), although, perhaps, some question may arise as to the applicability of certain unstated Georgia statutes. Accordingly the motion to dismiss the first cause is granted (Nysco Labs. v. Yoss, N. Y. L. J., March 28, 1963, p. 16, col. 6).
Movants move to dismiss the second cause, for damages for breach of contract, for legal insufficiency (Civ. Prac. Act, § 241; Buies Civ. Prac., rule 106, subd. 4). It is contended that the *252 allegation that movants ’ acts in effecting an improper dissolution of the partnership render movants liable in damages under certain unspecified laws of Georgia is insufficient for failure to plead the particular statute charged to have been violated, citing Schumann v. Loew’s, Inc. (199 Misc. 38) and Frenkel & Co. v. L’Urbaine Fire Ins. Co. (222 App. Div. 299). However, as noted in the Schumann case, it has long been assumed that (pp. 40-41) “ common-law rights are alike in all common-law jurisdictions. These assumptions dispensed with both pleading and proof * '* * allows the court to research the law of the foreign jurisdiction * * * with or without the aid of counsel * * *. And it precludes the possibility of this proof being met with the objection that it was not pleaded.” There is an exception to this rule where the statute of a foreign, non-common-law jurisdiction is involved as in the Frenkel case {supra) but the test seems to be, as noted by the court in the Schumann case, whether the pleading is (p. 41) “ sufficient to enable the [opposite party] to controvert the factual issue.” Here it is sufficient and the motion to dismiss,' on this ground, i's denied (see Pfleuger v. Pfleuger, 304 N. Y. 148).
The second, third, fifth and sixth causes áre also attacked for legal insufficiency, as well as upon the other grounds above-stated. In these causes plaintiffs seek damages for loss of future profits from the partnership, .the impressing of a trust upon the proceeds of the sale, an order directing movants to effect a rescission of the sale, and damages from all defendants for their acts in" a conspiracy to defraud plaintiffs. Movants contend that these causes must - fail for plaintiffs’ failure to institute an action for an accounting, claimed to be a condition ¡orecedent to the institution of these . actions, citing Mertz v. Mertz (271 N. Y. 466) and Friedland v. Friedland (12 Misc 2d 349, 350) wherein the court stated on page 350 of the Miscellaneous Report: “It is well established that an action at law may not be maintained by one partner against another for any claim arising from the partnership business until there has been an’ accounting of the business, a balance struck and an express agreement to pay. (Arnold v. Arnold, 90 N. Y. 580, 583; Sasson v. Lichman, 276 App. Div. 932; Cohen v. Erdle, 282 App. Div. 569.) ” This rule has been generally followed (Usdan v. Rosenblatt, 93 N. Y. S. 2d 862; Duncan v. Bruce, 179 Misc. 992; Leitner v. Wass, 63 N. Y. S. 2d 350) with certain exceptions. The exception here pertinent was expressed in Burnstine v. Geist (257 App. Div. 792, 793) while quoting from Armstrong v. Rickard (199 App. Div. 880, 886) as follows: “‘The law is well settled in-this State and elsewhere that, where a partner *253 assumes to dissolve the partnership before the end of the term agreed upon * * * he is liable in damages to be recovered in an action at law ’ * * *. For the wrongful termination, appellant has an action at law against respondent for damages for breach of contract.” This exception does not disserve the purpose of the general rule above noted, i.e., that it is difficult to determine the amount due in intrapartner suits without an accounting. (1 Barrett and Seago, Partners and Partnerships, Law and Taxation, ch. VI, § 5.8, pp. 639-641; Ann. 168 A. L. B. 1088,1093, and cases cited therein.) In the instant case the basis of the action is the alleged wrongful sale of the partnership property by movants which sale, according to the partnership agreement, worked a dissolution of the partnership. A capital distribution has occurred. Plaintiffs seek, in the second and fifth causes, not any readjustment of the partners’ capital accounts nor an accounting of the proceeds of the sale, but damages for their loss of future profits caused by the dissolution, and an order directing defendants to seek rescission of the sale. These causes have, implicit within them, recognition of the dissolution of the partnership. It does not appear that maintenance of these causes is contrary to the theory above noted, and it does appear that such maintenance is consonant with the Burnstine case (supra). The motion to dismiss the second and fifth causes on this ground is, accordingly, denied. Nor does it appear that the fifth cause is barred as improperly seeking rescission of a contract by one part of an entity without the consent of the other parts. (Denker v. Twentieth Century-Fox Film Corp., 13 A D 2d 627.) Plaintiffs are not herein seeking a rescission, but an order compelling the nonconsenting parts (the general partners) of the entity (the partnership) to join in so doing. (See Continental Securities Co. v. Belmont, 206 N. Y. 7; Kaszubowski v. Buffalo Tel. Corp., 131 Misc. 563.)
The third cause when read together with the third and fifth subdivisions of the prayer for relief of the complaint seems to assert a claim that the proceeds and subject matter of the sale be adjudged to be held in trust for plaintiffs. While somewhat inartistically phrased, it asserts a valid cause of action.
The sixth cause of action is insufficient. There, plaintiffs seek damages because of the defendants’ conspiratorial acts to defraud plaintiffs. It is repetitive of the other causes, particularly the second and third, and adds nothing to them. Proof of a conspiracy does not give rise to a separate cause. The alleged misdeeds are the gravamen of the other causes mentioned. (Dumas v. Kalozois, 94 N. Y. S. 2d 749; Friedman v. Roseth *254 Corp., 270 App. Div. 988.) The sixth cause of action is dismissed (see Caprice Imports v. Soc. Acc. Semplice, etc., 13 A D 2d 952).
The motions to strike, etc. (Rules Civ. Prac., rule 103) are denied. While some of the ¡obrases objected to may be unnecessary, they do have some bearing upon the case, and no prejudice will result to movants if these are allowed to remain. (Hafnia Ham Co. v. Cheese Importing Co., 13 Misc 2d 733; Manco Distrs. v. Bigelow-Sanford Carpet Co., 11 A D 2d 1088.) Plaintiffs shall have 20 days after service of a copy of the order herein, with notice of entry thereof, to serve an amended complaint in accordance with this decision.