**Rolf T. MICHELSEN, Plaintiff,**

v.

**Joseph M. BRUSH, Defendant.**

**No. 63–C–352.**

United States District Court
E. D. New York.

Dec. 20, 1963.

Monroe J. Cahn, New York City, for plaintiff.

Zock, Petrie, Sheneman & Reid, New York City, for defendant, Matthew J. Shevlin, New York City, of counsel.

BARTELS, District Judge.

Defendant moves upon the complaint, answer and report of the Special Master herein under Rules 56 and 12, Fed.Rules Civ.Proc., 28 U.S.C.A., for a judgment and order dismissing the complaint upon the ground that the complaint fails to state a claim against the defendant upon which relief can be granted. The complaint, based upon diversity, alleges that plaintiff and defendant were practising law in the State of New York as copartners under the firm name of Brush & Michelsen, which was dissolved on or about March 1, 1962, under a certain agreement dated February 23, 1962, by reason of which the defendant became indebted to the plaintiff on account of (a) balance of disbursements to which plaintiff was entitled, and (b) plaintiff's share of legal fees earned in cases and matters taken over by the defendant, with respect to which plaintiff claims there is a balance of $67,067.23 due and owing to him. In his answer the defendant sets forth the same settlement agreement of February 23, 1962, terminating the partnership and providing for a lump sum payment of $50,000 to the plaintiff, as well as a general release given by the plaintiff as part of the settlement transaction.

On May 22, 1963, the defendant moved for summary judgment pursuant to Rule 56 and in connection therewith the case was referred to a Special Master on May 28, 1963, pursuant to a stipulation between the parties, in which they stated that they desired "that all the issues between them in relation to their dissolved partnership under the name of Brush & Michelsen, as formulated by the pleadings in this case, shall be determined by the Court after a reference to a Special Master" and in which they then specifically agreed that subject to certain terms and conditions, the action should be referred to the Special Master "with respect to all the issues raised by the complaint and answer and whether or not in the form of a counterclaim or otherwise, including a *full accounting* to effect a complete disposition of all of the affairs of said dissolved partnership between the parties." (emphasis added) Plaintiff sought to invalidate the settlement agreement and the general release upon the ground that both were procured by fraud. Consequently, the parties stipulated that the Special Master should first hear evidence upon the issues presented by the paragraphs of the answer setting forth these two documents as defenses and thereafter make a report with respect thereto if he deemed the same advisable but if he did not so conclude, to proceed with the determination of the other issues presented by the pleadings. In this stipulation both parties waived trial by a jury and the motions made by them returnable May 15, 1963, were withdrawn and the defendant's motion for summary judgment re-

turnable May 22, 1963, was adjourned until the Special Master's report and the motion of either party with respect thereto.

Formal hearings were held by the Special Master on July 8, 9, 10, 11 and 12 and on August 30, 1963. Numerous exhibits were offered by both sides and lengthy memoranda of law were served before and after the hearings and replies to the post-trial memoranda were likewise submitted. On October 18, 1963, the Special Master submitted his report, to the effect that the settlement agreement and general release were obtained by fraud and should be set aside. Subsequently, on October 21, 1963, the defendant filed his objections to the report. On November 22, 1963, the defendant made the above motion to dismiss the complaint upon the ground that the plaintiff's remedy, if any, against the defendant, his copartner, was an action for an accounting and not one at law for a specific sum as set forth in the present complaint.

 It is true, as the defendant asserts, that under the substantive law of New York, which is applicable in this case, a partner may not maintain an action at law against his copartner on a claim arising from the partnership business until there has been a full accounting in equity, so that a balance may be struck and an account stated. Sasson v. Lichtman, 2d Dep't, 1950, 276 App. Div. 932, 94 N.Y.S.2d 578; Squire v. Wing, 1962, 35 Misc.2d 287, 230 N.Y.S. 2d 42, but see Burnstine v. Geist, 1st Dep't, 1939, 257 App.Div. 792, 15 N.Y.S. 2d 48[1]. This principle, however, is of no aid to the defendant in this case for several reasons. While still retaining the principles of equity and their application in appropriate cases, the procedural distinction between law and equity has been abolished in the Federal courts and under the rules there is but one form of

civil action in all civil cases. See Carter Coal Co. v. Litz, W.D.Va., 1943, 54 F. Supp. 115, aff'd, 4 Cir. 1944, 140 F.2d 934; Black v. Boyd, 6 Cir., 1957, 248 F. 2d 156; Rule 2[2]. The rules do, however, distinguish between jury and non-jury actions (Rule 38(a)) and actions presenting issues historically legal will be treated as jury actions and those presenting issues historically equitable will be treated as non-jury actions. Union Mut. Life Ins. Co. v. Friedman, 2 Cir., 1944, 139 F.2d 542. Subject to this qualification, a plaintiff is not required to choose between a remedy at law and a remedy in equity. Palmer v. Palmer, D.Conn., 1940, 31 F.Supp. 861. In the present case trial by jury was expressly waived and consequently the distinction is eliminated.

 With respect to pleadings it is sufficient if plaintiff sets forth a short and plain statement of his claim showing that he is entitled to relief; no technical form of pleading is required (Rule 8). Moreover, "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." (Rule 15 (b)). The pleadings may be amended to conform to the evidence and when so amended, will relate back to the date of the original pleading, but failure to amend will not affect the result of the trial of the issues (Rule 15(b) and (c)). Every judgment must grant the relief to which the party is entitled, even if that party has not demanded such relief in his pleadings (Rule 54(c)). The character and the nature of the action is thus determined not by the prayer for relief but by the facts alleged and proved (Matarese v. Moore-McCormack Lines, 2 Cir., 1946, 158 F.2d 631, 633). Stated another way, the legal theories upon which the action may be bottomed do not determine the validity of a claim. See

---

**1.** This may no longer be true under the New York Civil Practice Law and Rules if a jury trial has not been demanded, since the action may be treated as an action for an accounting. See CPLR Sections 103, 3026 and Rule 3014.

**2.** Reference is to Federal Rules of Civil Procedure, 28 U.S.C.A.

Siegelman v. Cunard White Star, 2 Cir., 1955, 221 F.2d 189.

It is the set of operative facts alleged in the complaint which gives rise to one or more legal rights enforceable in the courts. Whether these rights are found upon an accounting theory or upon a debt theory is immaterial. As observed in Schwartz v. Eaton, 2 Cir., 1959, 264 F.2d 195, 197, "From every angle the district court's action in attempting to dismiss a part of plaintiff's legal theories appears a nullity. The striking of a portion of the prayer for relief was surely a futile and meaningless gesture." This was illustrated in Gulf Coast Western Oil Co. v. Trapp, 10 Cir., 1947, 165 F.2d 343, where the court said (165 F.2d p. 351), "There is no uncertainty or ambiguity in these allegations. They set out the primary fundamental facts, which, if true, would require the defendant to account. They furnish all necessary information enabling Trapp to refute them if they are untrue, and prepare his defense thereto." Cf., Ruggiero v. New York City Transit Authority, 1959, 20 Misc.2d 535, 194 N.Y.S.2d 304. Since the facts set forth in the complaint are sufficient to support a claim for the equitable relief of an accounting regardless of the prayer, the defendant's motion must be denied.

Even were the complaint deficient because cast in debt, defendant's subsequent stipulation destroys any possible basis for this application. By expressly stipulating to a reference for the purpose of an accounting and by participating in all of the proceedings held by the Special Master, the defendant as well as the plaintiff treated the plaintiff's complaint as one for an accounting. The issue of an accounting must accordingly be treated as having been raised by the pleadings themselves. A dismissal would be a complete futility. "The district court's action in dismissing two counts against the trustees, while continuing the other two counts against them for amendment, was essentially futile, since after trial judgment must be given according to the right of the case, whether the correct legal theory has been presented or not, Rules 15(b) and 54(c), and hence the defendants have obtained nothing of substance by the partial dismissal below." Atwater v. North American Coal Corporation, 2 Cir., 1940, 111 F.2d 125, 126.

To dismiss the complaint upon a technical objection after the defendant took part in the proceedings before the Special Master and received an unfavorable decision, would nullify the proceedings before the Special Master, erase the stipulation between the parties, and contradict the Federal Rules of Civil Procedure.

Accordingly, the defendant's motion is denied. Settle order within ten (10) days on two (2) days' notice.