■ MILDRED BERKULE et al., Respondents, v. ALLAN S. FELDMAN et al., Individually and as General Partners of Peachtree Sanitarium, Appellants, et al., Defendants.— Order, entered on May 17, 1963, denying appellants' motion to dismiss as insufficient the second, third and fifth causes of action in the amended complaint and to strike certain paragraphs thereof, unanimously affirmed, without costs. Although we agree with Special Term's disposition of this motion, we deem it appropriate to record our understanding of plaintiff's allegations regarding the law of Georgia. The agreement of limited partnership, which is annexed to and made part of the amended complaint, clearly provides that the general partners have power to sell the real estate and personalty owned by the partnership without the consent of the limited partners (subject to the condition, presently irrelevant, set forth in the penultimate paragraph of section 12 of the agreement). Reading allegations and agreement together, we understand plaintiffs to allege that under Georgia law the general partners of a limited partnership, notwithstanding such a provision as is contained in the pleaded partnership agreement, lack power to sell the entire partnership assets unless the limited partners consent to the specific transaction of sale or ratify it. We do not now, of course, pass upon the validity of this allegation. Concur — Botein, P. J., Breitel, Rabin, Stevens and Eager, JJ. [39 Misc 2d 250.]

■ DIANA LEVINE et al., Respondents, v. R. H. MACY & Co., INC., et al., Appellants.— Judgment entered in plaintiffs' favor unanimously reversed, on the law and on the facts, with costs to the appellants, and the complaint dismissed. The record in this case mandates a conclusion that the defendant was, as a matter of law, free of negligence. There was no proof that the method adopted to join the carpet to the floor was other than an accepted and proper one or that the installation was negligently performed. However, even if it could be found that there was a defect at the place where plaintiff fell, it would be only of a most trivial nature. Such a defect, being neither a trap nor a nuisance, would not suffice to cause the defendant to foresee danger to others resulting therefrom (*Heeney* v. *Topping*, 18 A D 2d 618, affd 13 N Y 2d 1049; *Liebel* v. *Metropolitan Jockey Club*, 10 A D 2d 1006). Absent such foreseeability the defendant may not be held guilty of negligence. Concur — Rabin, J. P., Valente, McNally, Steuer and Bastow, JJ.