**DESIGN CAST STONE SYSTEMS, INC.**

v.

**NAB CONSTRUCTION CORPORATION.**

**Civ. A. No. 90–7419.**

United States District Court,
E.D. Pennsylvania.

March 27, 1991.

Wilbur L. Kipnes, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for plaintiff.

Richard Brent Somach, Thompson, Somach & Vangilder, Allentown, Pa., for defendant.

### MEMORANDUM

LOUIS H. POLLAK, District Judge.

In this diversity action—one of several similar actions, involving the same parties

(and their corporate affiliates) and the same underlying transaction, being pursued simultaneously in federal and state courts both in Pennsylvania and in New York[1]—defendant NAB Construction Company (NAB) has moved, pursuant to Rules 12(c) and 12(h)(2) of the Federal Rules of Civil Procedure, for a judgment on the pleadings against plaintiff Design Cast Stone Systems, Inc. (DCSS).

DCSS's amended complaint asserts five causes of action for damages relating to NAB's alleged breach of a DCSS–NAB joint venture agreement (counts I through V), and a sixth cause of action which seeks an accounting of all assets and liabilities of the joint venture (count VI).

According to the amended complaint, DCSS and NAB entered into a joint venture in December of 1988 to bid and perform a contract with the Dormitory Authority of the State of New York (DASNY), which required the joint venturers to fabricate certain architectural components to be used by DASNY in restoring the facade of a building on the campus of the City College of New York. The DCSS–NAB joint venture agreement contemplated that NAB would handle the financing and administration of the project while DCSS would fabricate the components. However, according to the complaint, once operations were under way, NAB exerted excessive control over the fabrication process and interfered with DCSS's day-to-day operations to the extent that DCSS was unable to perform the production contemplated by the DASNY contract and found itself forced to withdraw from the joint venture.

■ The parties agree that, pursuant to the terms of the joint venture agreement,

the present dispute is governed by New York law.[2] The parties also agree that, under New York law, joint venture disputes are to be resolved in accordance with partnership law. See *Napoli v. Domnitch*, 34 Misc.2d 237, 226 N.Y.S.2d 908, 913 (N.Y. Sup.Ct.1962); *Auld v. Estridge*, 86 Misc.2d 895, 382 N.Y.S.2d 897 (N.Y.Sup.Ct.1976).

## I.

In moving for judgment on the pleadings, NAB's central contention is that DCSS's five causes of action for damages are premature. Specifically, NAB argues that, under New York law, one former joint venturer cannot bring an action at law against another former joint venturer until their venture has completely terminated its operations, and here, NAB submits, the joint venture's operations are still under way: although DCSS has withdrawn, NAB continues to perform on behalf of the joint venture under the DASNY contract.

■ When a New York joint venture dissolves upon the withdrawal of one of the venturers, New York law will not recognize it as formally terminated until the former joint venturers have succeeded in winding up their affairs. See Partnership Law § 61;[3] *North River Insurance Company v. Spain Oil Corp.*, 135 Misc.2d 480, 515 N.Y.S.2d 703 (N.Y.Sup.Ct.1987); *Ben–Dashan v. Plitt*, 58 A.D.2d 244, 396 N.Y. S.2d 542 (1977). This wind up is generally achieved through an accounting. See Partnership Law § 74.[4] Indeed, under New York law, "[t]he only manner in which a partnership can be 'wound up' is through a formal accounting wherein its overall financial status may be evaluated." *Mar-*

---

1. A summary of the various law suits is provided in my Memorandum Opinion of December 26, 1990, co-captioned under civil action numbers 90–7419 and 90–7774. See especially footnote 2.

2. Paragraph 14 of the joint venture agreement states in pertinent part: "[A]ll questions relative to the execution, validity, interpretation and performance of this Agreement shall be governed by the laws of the State of New York."

3. **§ 61. Partnership not terminated by dissolution**

   On dissolution the partnership is not terminated, but continues until the winding up of partnership affairs is completed.

4. **§ 74. Accrual of actions**

   The right to an account of his interest shall accrue to any partner, or his legal representative, as against the winding up partners or the surviving partners or the person or partnership continuing the business, at the date of

*gate Industries v. Samincorp*, 582 F.Supp. 611, 620 n. 12 (S.D.N.Y.1984) (citing *Stitchenko v. DiResta*, 512 F.Supp. 758 (E.D.N.Y. 1981)); see also *Shandell v. Katz*, 95 A.D.2d 742, 464 N.Y.S.2d 177 (1983).

■ As a general rule, one joint venturer may not bring an action at law against another joint venturer prior to an accounting. *Arnold v. Arnold*, 90 N.Y. 580; 55 N.Y.S. 965 (1882); *Banker's Trust Co. v. Dennis*, 256 A.D. 495, 10 N.Y.S.2d 710 (1939); *Squire v. Wing*, 35 Misc.2d 287, 230 N.Y.S.2d 42 (N.Y.Sup.Ct.1962). As stated in *Herrick v. Guild*, 257 A.D. 341, 342, 13 N.Y.S.2d 115, 117 (1939), "suits between partners should be brought in equity particularly for an accounting, and ... an action at law may not be maintained until after an accounting and a balance struck." The reason for this is that "it is difficult to determine the amount due in intra-partner suits without an accounting." *Berkule v. Feldman*, 39 Misc.2d 250, 240 N.Y.S.2d 462, 466 (N.Y.Sup.Ct.1963).

■ Notwithstanding this general framework of law, DCSS argues that its claims for damages may be pursued simultaneously with an accounting because they fall under an exception permitting pre-accounting actions at law to proceed against a partner who has breached a partnership agreement. However, such an exception appears to be limited to claims for damages predicated on a theory of wrongful dissolution.[5] See, e.g., *Berkule, supra*, citing, inter alia, *Burnstine v. Geist*, 257 A.D. 792, 793, 15 N.Y.S.2d 48, 50 (1939), citing *Armstrong v. Rickard*, 199 A.D. 880, 886, 192 N.Y.S. 502, 506 (1922) (" 'The law is well settled in this State and elsewhere, that where a partner assumes to dissolve the partnership before the end of the term agreed upon ... he is liable in damages to be recovered in an action at law.' ... For the wrongful termination, appellant has an action at law against respondent for damages for breach of contract.");[6] cf. *Part-*

dissolution, in the absence of agreement to the contrary.

**5.** The law does not appear to recognize an exception even where one partner sabotages the business, leaving the other partner no choice but to withdraw. In *Duncan v. Bruce*, 179 Misc. 992, 43 N.Y.S.2d 447 (N.Y.Sup.Ct.1943), one partner allegedly wrecked and ripped apart walls, furniture, and fixtures of the partnership's business, and converted stock, merchandise, and utensils belonging to the partnership to his own use. The court held that the partner who was a victim of these abuses had a right to dissolution and to an accounting, but had no right to pursue an action at law prior to an accounting. The court also held that the alleged facts did not fall within the exception permitting one partner to bring a pre-accounting action for breach of contract against another partner who attempts wrongfully to dissolve the partnership.

**6.** The authorities relied on by DCSS in its brief do not rebut but add further support to the conclusion that pre-accounting actions for damages must be predicated upon a theory of wrongful dissolution. In *Zimmerman v. Harding*, 227 U.S. 489, 33 S.Ct. 387, 57 L.Ed. 608 (1912), for example, the Supreme Court, considering the dissolution of a Puerto Rican partnership, relied on New York and Massachusetts case law in reaching the following conclusion:

Neither is the remedy in equity for a breach of a partnership agreement exclusive. There may be at law a recovery of all the damages which result, including damages for profits prevented by a wrongful dissolution. Thus if one member assumes to dissolve a partner-

ship before the end of the term, the other may bring an action for damages for the breach and recover not only his interest, but also his share of the profits which might have been made during the term. *Bagley v. Smith*, 10 N.Y. 489; *Dennis v. Maxfield*, 10 Allen (Mass.), 138; *Karrick v. Hannaman*, 168 U.S. 328, 337 [18 S.Ct. 135, 139, 42 L.Ed. 484 (1897)].

*Id.* at 494–95, 33 S.Ct. at 389–900.

Similarly, in *LaFleur v. Montgomery*, 70 A.D.2d 545, 416 N.Y.S.2d 602 (1979), the Appellate Division for the First Department held that "an action at law to recover for loss of profits may be maintained independent of seeking the equitable relief of an accounting," 416 N.Y.S.2d at 603–04, where such loss was "sustained by [plaintiffs] in consequence of defendant's alleged breach of contract in wrongfully terminating the joint venture." 416 N.Y.S.2d at 603.

Finally, in *Crownshield Trading Corporation v. Earle*, 200 A.D. 10, 192 N.Y.S. 304 (1922), the Appellate Division for the First Department upheld a joint venturer's claim for damages where

[u]nder the allegations of the complaint apparently no partnership ever existed between the parties. There was, at most, an agreement to form a copartnership or to engage in a joint venture, which the defendant refused to perform, and plaintiff now seeks its damages by reason of such breach.

192 N.Y.S. at 308. In concluding that plaintiff could pursue an action at law, independent of any equitable relief, the court relied on the passage from *Zimmerman* quoted above and observed that

[t]he courts of this state have frequently held that, where a partner assumed to dissolve a

nership Law § 69(2)(a).[7] Since DCSS's claims for damages are not predicated on a theory of wrongful dissolution—and cannot be so predicated, because DCSS itself was, according to the amended complaint, see ¶ 14, the party that initiated the dissolution of the DCSS–NAB joint venture—DCSS must await an accounting before it can pursue any actions at law against its former joint venturer.

Accordingly, I will dismiss all of DCSS's damage claims (counts I through V), without prejudice to DCSS's entitlement to reassert them following an accounting.[8]

## II.

The damage claims having been dismissed, the only remaining present point of controversy in this action is whether DCSS is entitled to equitable relief in the form of an accounting—a form of relief which, under § 74 of the Partnership Law, accrues "at the date of dissolution, in the absence of an agreement to the contrary." See *supra* note 4. NAB urges dismissal—or, in the alternative, a stay—of DCSS's demand for an accounting (count VI) on the ground that no meaningful accounting can take place prior to the complete execution of the joint venture's obligations under the DASNY contract.

I do not undertake to consider this issue now. In a prior ruling in this case, I denied NAB's motion to transfer this action to the Eastern District of New York, stating that, although I was denying transfer, I was doing so "without prejudice to [the renewal of a motion to transfer] if future events appear to alter in some significant way the

composition and/or balance of § 1404(a) factors." See Memorandum Opinion of December 26, 1990, *supra* note 1, at p. 69. Today's dismissal of all of DCSS's damage claims (counts I through V) would appear to work a change in the § 1404(a) balance. That apparent change raises the question whether transfer of the only remaining claim (count VI) is now appropriate.

Accordingly, in the order following this memorandum, the parties will be ordered to file submissions addressing once again the question whether this case should be transferred to the Eastern District of New York. Upon review of these submissions, I will rule on whether to transfer.

## ORDER

For the reasons stated in the accompanying memorandum, it is hereby ORDERED that defendant's motion for judgment on the pleadings is GRANTED with regard to plaintiff's claims for damages (counts I through V of the amended complaint), without prejudice to plaintiff's entitlement to reassert those claims following an accounting. It is further ORDERED that, within ten days of the date of entry of this Order, the parties are to submit supplemental statements on whether this action should be transferred to the Eastern District of New York pursuant to 28 U.S.C. § 1404(a).

---

partnership before the end of the term agreed upon, or where, prior to the commencement of the partnership or joint venture, he disaffirms his contract, he is liable in damages in an action at law.

192 N.Y.S. at 309 (citations omitted).

7. **§ 69. Rights of partners to application of partnership property**

2. ...

(a) Each partner who has not caused dissolution wrongfully shall have,

. . . . .

(II) The right, as against each partner who has caused the dissolution wrongfully, to damages for breach of the agreement.

8. In its brief, NAB argues that Count V of the amended complaint, which asserts a cause of action for tortious interference with contractual relations, fails to state a valid claim. Because I have dismissed that claim, along with DCSS's other claims for damages, as premature, I now reach no judgment with regard to whether Count V states a valid claim.