■ LEONARD SHABASSON, Appellant, v MAX E. GREENBERG, TRAGER, TOPLITZ & HERBST, Respondent. [— NYS2d —] —Order, Supreme Court, New York County (Paula Omansky, J.), entered July 2, 1998, which, in an action for breach of a partnership agreement and an accounting, upon defendant partnership's motion for reargument, reinstated that part of the order of March 13, 1997 which precluded plaintiff from discovering "any net profit information subsequent to Septem-

ber 29, 1995", and struck that part of the order of March 31, 1998 which granted plaintiff access to defendant's books and records "for the period subsequent to his expulsion when receivables generated during the partnership period were actually received", unanimously modified, on the law, the facts, and in the exercise of discretion, to allow disclosure on the issue of damages on plaintiff's claim for wrongful termination additionally for the six-month period directly following the date of plaintiff's termination, and otherwise affirmed, without costs.

Under the partnership agreement, plaintiff, a junior partner, is entitled to share only in net profits as of the date of his termination. It follows that any right plaintiff may have to share in post-termination net profits, and any concomitant right to discovery of financial information pertinent thereto, must depend on whether his termination was wrongful, i.e., in breach of the partnership agreement (*cf.*, *Burnstine v Geist*, 257 App Div 792). However, the order on appeal should be modified to allow disclosure of financial information for the six-month period immediately following termination, to cover the possibility that income that accrued before termination was deferred until after termination. Concur—Ellerin, J. P., Wallach, Lerner, Andrias and Saxe, JJ.